265 A.2d 648.

JOHN H. NORBERG, *Acting Tax Administrator vs.* WARWICK
LIQUORS, INC.

MAY 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

130

JOSLIN, J.   This civil action was brought in the Superior Court for the collection of sales taxes, interest and penalties allegedly due the state.   The plaintiff's motion for a summary judgment for the full amount of the state's claim was granted, and the defendant appealed.

The plaintiff is the acting tax administrator of the state, and the defendant corporation is the operator of a retail liquor establishment.   The complaint alleges an indebtedness to the state in the sum of $25,301.43 for sales taxes, interest and penalties imposed and determined for the period May 1965 through September 1968.   After defendant filed an answer denying any indebtedness to the state, plaintiff moved for summary judgment.

A supporting affidavit of plaintiff's supervisor of accounts and collections accompanied the motion for summary judgment.   The affidavit states that in compliance with G. L. 1956, §44-19-14[1] written notices were mailed

---

[1] Section 44-19-14 provides, where material, that

"If any person fails to make a return, the tax administrator shall make an estimate of the amount of the gross receipts of the person or, as the case may be, of the amount of the total sales price of tangible personal property sold or purchased by the person, the storage, use, or other consumption of which in this state is subject to the use tax. The estimate shall be made for the month or months in respect to which the person failed to make a return and shall be based upon any information which is in the tax administrator's possession or may come into his possession.   * * * After making his determination the tax administrator shall mail a written notice of the estimate, determination, and penalty."

on March 25, 1966, October 2, 1967, April 1, 1968, and October 8, 1968, advising defendant that there was due and owing for periods preceding each of those dates sales taxes, interest and penalties which assessments in combination with subsequent interest accruals and penalties totalled $25,301.43 at the commencement of the suit. The affidavit goes on to state as a fact that defendant failed to request the administrative hearings which the statute[2] provides as a condition precedent to a challenge to the validity or accuracy of an assessment, and then legally concludes that the several determinations made by the administrator became final under §44-19-16,[3] and became debts due the state under §44-19-21.[4]

The defendant replied to the summary judgment motion with two counter-affidavits in which it avers that a sum in excess of $13,000 paid by it in April 1968 on account of the overdue taxes was not reflected in the account set forth in plaintiff's affidavit and that an October 9, 1968 payment of $3,800, instead of being credited to its account, was allocated to another permit number. In response,

---

[2]Section 44-19-17 governs. It provides in pertinent part that

"Any person aggrieved by any assessment, deficiency or otherwise, shall notify the tax administrator in writing within ten (10) days from the date of mailing by the tax administrator of the notice of such assessment and shall request a hearing relative thereto * * *."

[3]Section 44-19-16 reads in pertinent portion as follows:

"Unless a hearing shall have been requested as provided in §44-19-17, any determination made by the tax administrator under §§44-19-11 to 44-19-14, inclusive, shall become final and shall be paid within ten (10) days after mailing by the tax administrator of the notice of such determination."

[4]Insofar as here pertinent §44-19-21, as amended by P. L. 1959, chap. 159, sec. 1, provides that

"The amount of any tax, interest, or penalties imposed upon any taxpayer under the provisions of chapters 18 and 19 of this title shall be a debt due from such taxpayer to the state, shall be recoverable at law in the same manner as other debts * * *."

plaintiff, in a second affidavit, insists that he gave defendant credit for all payments made on account of the indebtedness set out in his earlier affidavit, and he reaffirms that the balance due by defendant for sales taxes, interest and penalties for the period May 1965 through September 1968 is $25,301.43.

In argument before us plaintiff apparently was somewhat handicapped because the transcript of the Superior Court proceedings which had been certified and transmitted to us was abbreviated and contained only the trial justice's decision. Because he could not go dehors the record, he was unable in oral argument to rely as he did in his brief upon certain representations allegedly made by the parties during the Superior Court proceedings. Notwithstanding the absence of a complete transcript, he neither challenged the sufficiency of the limited record which came to us, nor did he suggest that the omissions, if any, be supplied by the certification and transmittal of a supplemental record.[5] In the circumstances, he is confined, as are we, to the record before us which consists only of the pleadings, the affidavits and the counter-affidavits, and the trial justice's decision.

Arguing from the record, plaintiff's position is that defendant's failure to invoke the administrative and judicial review procedures established in §§44-19-17 and 44-19-18 precludes it from now challenging either the validity or the correctness of the several assessments. That position is

---

[5]Super. R. Civ. P. 75(d) in pertinent portion, reads:

"* * * If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the Superior Court, either before or after the record is transmitted to the Supreme Court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Supreme Court."

sound as far as it goes, G. L. 1956, §44-19-16; *Langton* v. *Demers,* 102 R. I. 375, 230 A.2d 870; *Langton* v. *Brady Electrical Co.,* 100 R. I. 366, 370-71, 216 A.2d 134, 136-37; but it ignores the true thrust of the counter-affidavits.

Those affidavits were offered in opposition to the summary judgment motion and under our rule are to be construed in the light most favorable to defendant. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 498, 238 A.2d 742, 743. Viewed in that light, it is obvious that what defendant asserts is not that the several assessments were invalid or that the amounts assessed were inaccurate. Rather does he urge that the April 1968 payment of $13,000 plus[6] was not credited against the assessments made prior to that date, and that the October 1968 payment of $3,800 was not applied against the balance which the state now claims is owed for sales taxes, interest and penalties. In advancing these assertions, defendant, at least implicitly, admits the correctness and validity of the assessments, but defends against them on the ground that it did not receive credits for payments made on account thereof. Defendant's statements, although denied by plaintiff, fairly put into issue not the validity or the accuracy of the assessments, but the question of whether in fact there were partial payments on the balance claimed by the state for sales taxes, interest and penalties. The defendant was required to do no more in order to create a genuine issue of material fact. *Slefkin* v. *Tarkomian, supra.*

Here then we have a cause of action based upon a single claim of $25,301.43 only a portion of which seems to be disputed. The question is whether in these circumstances plaintiff should have summary judgment as a matter of law on the undisputed portion of his claim. Faced with

---

[6]At the time this payment is alleged to have been made, defendant had been notified of three assessments as follows: March 25, 1966 — $5,161.45; October 2, 1967 — $5,930.01; and April 1, 1968 — $4,414.02.

this problem the federal courts have not applied Fed. R. Civ. P. 56(a) which allows summary judgment upon all or any part of a claim. Instead they have invoked Rule 56(d) which governs whenever it appears that the entire case cannot be disposed of on a motion for summary judgment and that a trial will be necessary. It provides that in those circumstances the trial court should, if practicable, ascertain what material facts are actually and in good faith controverted, and that it should thereupon make an order establishing certain facts and leaving others for determination at the trial. *Coffman* v. *Federal Laboratories, Inc.,* 171 F.2d 94; *cert. denied,* 336 U. S. 913, 69 S. Ct. 603, 93 L. Ed. 1076; *Biggins* v. *Oltmer Iron Works,* 154 F.2d 214; 3 Barron and Holtzoff, *Federal Practice and Procedure* §1241 (Wright ed.1958).

The cases and the text writers agree that confusion will be avoided, particularly as to appealability, if the order which enters in this kind of case is labeled an "interlocutory summary adjudication" or a "pre-trial order" instead of a "partial summary judgment." *Wynn* v. *Reconstruction Finance Corp.,* 212 F.2d 953, 955-56; *Audi Vision, Inc.* v. *RCA Mfg. Co.,* 136 F.2d 621, 625; 6 Moore, *Federal Practice* ¶56.20 at 2750 (2d ed. 1966); 1 Kent, *R. I. Civ. Prac.* §56.9 (1969). Use of the recommended nomenclature will make it evident that the pretrial adjudication on the motion is in substance akin to a pretrial order under Rule 16 whose design is limited to establishing certain issues for the trial of the case.

The judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings consistent with this opinion.

*Bernard F. McSally,* for plaintiff.

*John D. Lynch,* for defendant.