288 A.2d 708.

LELAND B. GRANT *vs.* WARD CABIN COMPANY.

MARCH 23, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to collect commissions allegedly earned by the plaintiff as a sales representative of the defendant from September 13, 1965 through September 6, 1968. The complaint alleges that the commissions earned amounted to $6,178.11.

In its answer, defendant denied owing the amount claimed but admitted that it did owe plaintiff the sum of $3,173.24 in commissions for said period.

After some additional pleadings, which require no discussion, plaintiff moved for partial summary judgment on August 6, 1969, under Super R. Civ. P. 56(b). The defendant filed no affidavit in opposition. The plaintiff apparently had second thoughts regarding the efficacy of his allegations in support of his motion and, on October 4, 1969, filed an amended motion which incorporated correspondence from defendant which included defendant's itemized statement of commissions owed.

The defendant then filed an affidavit in opposition on October 18, 1969. The thrust of its affidavit was that, while defendant admitted owing $3,173.24, that amount was in offer of judgment under Super. R. Civ. P. 68, which offer had not been accepted.

The amended motion and counter-affidavit were considered by a Superior Court justice on November 17, 1969, and decision thereon was reserved. Thereafter, on December 9, 1969, the justice rendered a decision for plaintiff. Accordingly on January 5,1970, an order was entered which, in pertinent part reads as follows: "Partial judgment for the plaintiff in the amount of $3,173.24."

On May 14, 1970, defendant filed a motion for relief from said partial judgment and on June 19, 1970, the same Superior Court justice who had ordered partial judgment further ordered, in part, as follows:

"That the 'partial judgment' referred to above is not a final judgment as to that sum and no final judgment having been entered, no execution may issue on the said 'partial judgment' without further order of this court."

Some ten months later, on February 12, 1971, plaintiff moved for issuance of execution upon his partial judgment, together with interest and costs. This motion was heard on March 15, 1971, by a Superior Court justice other than the justice who had ordered the partial judgment and stay of execution.

In the opinion of the justice hearing this motion, defendant showed no good reason why execution should not issue, holding, in essence, that defendant's objection on the ground that the partial judgment was not a final judgment was no reason to withhold from plaintiff that which defendant admitted it owed.

From the order accordingly entered, defendant seasonably claimed an appeal to this court. In support thereof, it argues that execution should not have been ordered to issue on plaintiff's partial summary judgment because such a judgment is an interlocutory order only, and not a final judgment, citing *Biggins* v. *Oltmer Iron Works*, 154 F.2d 214 (7th Cir. 1946), which, in turn, was followed by this court in *Norberg* v. *Warwick Liquors, Inc.*, 107 R. I. 129, 265 A.2d 648 (1970).

In *Biggins, supra,* the court traced the history of Rule 56 of the Federal Rules of Civil Procedure, upon which our own Rule 56 is patterned. So doing, the court concluded that the phrase "partial summary judgment" is a misnomer for the reason that when all of the case was not adjudicated on a motion for summary judgment, all that the movant was entitled to was a determination as to that part of the

case regarding which no genuine issue of material fact existed.

Continuing, the *Biggins* court, quoting at length from other cases and textwriters, held that partial relief granted pursuant to a motion for summary judgment, rather than being a final judgment, was an interlocutory order similar to a pretrial order under Rule 16 of said federal rules. It should be noted, parenthetically, that our Super. R. Civ. P. 16 is also patterned after the federal rule. *See* 1 Kent, *R. I. Civ. Prac.* §56.9 at 422.

The significant language of *Biggins, supra,* is to be found at 217:

> "All that plaintiff was entitled to at the time of the entry of the judgment was an order (not a judgment) fixing the amount of his claim no longer in dispute, which, under proper procedure, would have ripened into a judgment only upon the ultimate disposition of the whole of his claim."

The obvious and logical reason for thus limiting the effect of a partial result under Rule 56 is to avoid piecemeal review of a case by this court. Even so, plaintiff argues that the dispositive holding of the Federal Court in *Biggins* v. *Oltmer Iron Works, supra,* is that, although an order granting partial relief is not a final judgment per se, it acquires the characteristics of a final judgment when execution is ordered thereon. This being so, plaintiff further argues, all that defendant here is entitled to is to have the so-called partial summary judgment reviewed on its merits. Since defendant makes no argument, either orally or in its brief, as to the correctness of the Superior Court justice's finding that $3,173.24 was not in dispute, plaintiff concludes that defendant has waived any such contention and its appeal should be denied and dismissed. In support thereof he cites a number of cases of which *Major* v. *Grieg,* 102 R. I. 379, 230 A.2d 846 (1967) and *Pettella* v. *Corp Brothers,* 107 R. I. 599, 268 A.2d 699 (1970) are but two.

We reaffirm the waiver rule applied in that line of cases, but, in the view we take of the instant proceedings, plaintiff takes nothing thereby.

We reach this conclusion because of the significant factual distinctions between *Biggins* and the case at bar.

In *Biggins*, plaintiff brought an action to recover $13,-308.80 allegedly owed as commissions earned from the period beginning on November 1942 and extending to March 1, 1944. The claim was broken down by plaintiff into five designated items, two of which were for $8,566.55 and $307.50, respectively.

The defendant wrote to plaintiff, enclosing two checks. One was for $8,566.55 and the other for $307.50. Both checks were offered in full settlement of plaintiff's claim "without prejudice."

On the basis of the foregoing, plaintiff moved for summary judgment as to the two items in his complaint to which the proffered checks related, alleging in his affidavit that there was no genuine issue of fact remaining to be tried. The defendant filed no counter-affidavit.

The trial justice granted plaintiff's motion for summary judgment on the two items to which the checks related which, together with interest, amounted to $9,243.75, and ordered that execution issue therefor.

The defendant appealed and plaintiff moved to dismiss said appeal on the grounds that the judgment entered was not a final judgment from which an appeal would lie.

It is clear from the language of the Seventh Circuit's opinion that defendant contended that the judgment had finality because plaintiff's action was on five separate contracts, on two of which summary judgment was entered. The court rejected this contention pointing out that, although itemized, plaintiff's claim was for commissions earned during a sixteen-month period of employment and,

not having otherwise been separated pursuant to Rule 54(b), must be treated as a single claim.[1]

It is also clear from the opinion of the court that the defendant's contention on the merits of its appeal went to the correctness of the trial court's determination that the proffered checks, although offered in compromise, supported plaintiff's sworn statement that, as to the two items to which the checks related, no genuine issue of fact existed.

As heretofore noted, the court for the Seventh Circuit agreed with plaintiff's contention that the so-called partial summary judgment was an interlocutory order from which an appeal would not lie. This being so, the court pointed out, plaintiff's motion to dismiss the appeal would ordinarily be granted.

However, the court also recognized that since execution had been ordered to issue and, by reason thereof defendant's chattels could be seized and levied upon before the whole case was adjudicated to a final judgment, defendant could be seriously prejudiced if its appeal were dismissed. In light of this dilemma, the court denied plaintiff's motion to dismiss defendant's appeal and, thereby, agreed to hear defendant's appeal on its merits.[2]

However, as heretofore noted, the defendant in *Biggins* had an argument which could be made on the merits of its appeal, namely, that the checks offered in compromise were incompetent to support the trial justice's finding that there existed no genuine issue of fact.

Such is not the case here however. The plaintiff in the case at bar brought an action to recover the sum of $6,178.11

---

[1] This phase of *Biggins* has application here, there having been no motion to separate under Super. R. Civ. P. 54(b) which is patterned under Rule 54(b) of the federal rules.

[2] Exhaustive research by us fails to disclose that the appeal was ever actually heard and we can only speculate that the parties may have reached an out-of-court resolution of their differences.

and alleged no specific sales made or services rendered during the three-year period that he served as defendant's sales representative.

The defendant, however, prior to the commencement of plaintiff's action had furnished the latter with an itemized account of specific sales and the dates thereof, together with the amount of commissions earned on each such sale. This account was incorporated by plaintiff in his amended motion for summary judgment which motion prayed for judgment for so much of his claim as was admitted by defendant in its itemized account, leaving the balance of plaintiff's claim to be adjudicated.

It was on the strength of defendant's itemized account that plaintiff, in the affidavit accompanying his motion, made oath that no genuine issue of fact existed as to the account stated.

Again as previously noted, defendant filed an affidavit in opposition to plaintiff's motion, but did not deny that it was indebted to plaintiff for the commissions earned as set forth in its itemized account. It also admitted, in its counter-affidavit, that it had made an offer of judgment therefore under Super. R. Civ. P. 68(a) but that plaintiff not having accepted said offer as provided by said rule, said offer of judgment was, under Rule 68(c), deemed to be withdrawn.

Thus, on the state of the pleadings, exhibits, answers to interrogatories and the affidavits of both parties, the Superior Court justice in passing on plaintiff's amended motion for summary judgment was justified in finding that, as to the matters contained in defendant's itemized statement, no genuine issue of fact existed. This finding, however, could not result in the entry of a judgment for plaintiff for the amount of the commissions earned in the sales contained in the itemized account.

Rather, having found no genuine issue of fact existed as

to said itemized account, the Superior Court justice should have made a finding to this effect thus removing them from issue at trial on the remainder of plaintiff's claim.

The defendant's appeal from the order that execution issue makes no challenge to the contrary. Instead, what it contended consistently in the Superior Court and argued here is that there was no final judgment for $3,173.24 on which plaintiff was entitled to have an order of execution. We agree.

Because we conclude that plaintiff was only entitled to an interlocutory order and not a final judgment, it follows that the order appealed from was improperly entered and the execution issued in connection therewith should be recalled.

The defendant's appeal is sustained and the case is remitted to the Superior Court for further proceedings.

*Aisenberg & Dworkin, Robert B. Corris,* for plaintiff.

*Higgins, Cavanagh & Cooney, Gerald C. DeMaria,* for defendant.