DECISION
This matter is before this court on the petitioner, Claude Hampton's motion for partial summary judgment against the State of Rhode Island in his petition for post-conviction relief. This court possesses jurisdiction of this matter pursuant to R.I.G.L.10-9.1-1, et seq.
 Facts
The record reveals that on April 1, 1991, the petitioner, Claude Hampton, entered a plea of nolo contendere to the charge of assault with the intent to commit first degree sexual assault. The court sentenced him to 15 years at the ACI, which it suspended and placed him on 15 years of supervised probation. In September, 1992, the court conducted a probation revocation hearing and declared Hampton to be a violator of the conditions of his probation. As a result, the court removed the suspended sentence and ordered Hampton to serve 15 years at the ACI. Hampton never filed an appeal of this matter and he is presently incarcerated at the ACI.
Subsequently, Hampton filed this petition for post-conviction relief seeking to have this court vacate the sentence imposed on September 21, 1992. As grounds for this application, petitioner alleges that at the September 21, 1992 hearing he was neither advised of his right to testify in his own defense, nor was he advised of his right to appeal the court's finding of violation by the court or his attorney. He argues that these actions violated his constitutional right to due process, deprived him of effective assistance of counsel at the hearing, deprived him of an opportunity to move to reduce his sentence, and resulted in his failure to appeal the revocation. Hampton now moves for partial summary judgment solely on his claim that the failure of the trial justice to notify him of his right to appeal violated his due process rights. In his memorandum of law, Hampton argues, specifically, that Rule 32 (a)(2) of the R.I. Superior Court Rules of Criminal Procedure require the court to advise the defendant of his right to appeal. Hampton further submits an affidavit and a transcript of the September 21, 1992 hearing which verify that the trial justice did not, in fact, notify Hampton of his right to appeal. In opposition, the State argues that neither due process principles, nor Rule 32 require the court to notify a criminal defendant of a right to appeal a revocation of probation. Specifically, the State contends that Rule 32 does not require the court to advise a criminal defendant of a right of appeal at a probation revocation hearing. Rather, the state maintains, this right of notification only applies to criminal defendants after trial.
 Standard of Review
The Post Conviction Remedy chapter of the Rhode Island General Laws permits the court to grant motions for summary disposition of these matters. R.I.G.L. 10-9.1-6. The court may grant such a motion when no genuine issue of material fact exists and when the moving party demonstrates by competent authority that it is entitled to judgment as a matter of law. Id. Furthermore, the Rhode Island Supreme Court has determined that the standards for granting a motion for summary disposition of a post-conviction relief matter under R.I.G.L. 10-9.1-6 are identical to those utilized in passing on a civil summary judgment motion. Palmigiano v. State, 120 R.I. 402, 387 A.2d 1382
(1978). Therefore, in considering this motion for partial summary judgment, this court is mindful that although it may decide fewer than all of the parties' claims, as Hampton has asked it to do, this decision will not terminate this action. Such an order for partial summary judgment is only an interlocutory order, not a final judgment. As such, it is subject to revision at any time before an entry of final judgment which would determine all of the claims, rights and liabilities of all of the parties. SeeGrant v. Ward Cabin Co., 109 R.I. 605, 607, 288 A.2d 708, 709 (1972); Wright Miller, Federal Rules of Civil Procedure, Civil 3d, Sections 2736 and 2737. In this matter, because the defendant's constitutional claims are intertwined, any decision on this motion will be interlocutory in nature and, accordingly, it will not be appealable until a final disposition of all of the claims involved in this action. See Calore Rigging Corp. v.Sterling Eng'g Constr. Co., Inc., 105 R.I. 150, 153,250 A.2d 365, 367-68 (1969). This treatment of the petitioner's claims fulfills the intent and purpose of this rule of procedure, which is to avoid piecemeal review of a case. Grant, 288 A.2d at 709.
 Discussion
Rule 32 provides, in pertinent part:
 32. Sentence and judgment. (a) Sentence.
 * * *
 (2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his or her right to appeal
 * * *
Petitioner, Hampton, argues that this provision entitles him to notification of his right to appeal. The State contends that this provision does not apply to Hampton's probation revocation proceeding.
Notwithstanding petitioner's contention that Rule 32 (a)(2) applies with equal force and effect to a defendant in a probation revocation hearing, this court is mindful of the significant distinctions for due process purposes between criminal defendants at trial and at a violation hearing. In particular, Rhode Island recognizes that a defendant in a probation violation hearing is not entitled to the full panoply of due process rights afforded at a criminal trial. State v. Hazard, 671 A.2d 1225, (R.I. 1996); State v. Tatro, 659 A.2d 106 (R.I. 1995); State v.Desrosiers, 559 A.2d 641, 643 (R.I. 1989). In fact, Rhode Island has adopted the standards set forth by the United States Supreme Court for determining the minimum process due for probation revocation hearings. See State v. Bourdeau, 448 A.2d at 1219 (citing Morrissey v. Brewer, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 36 L.Ed 2d 656, 93 S.Ct 1756). In the probation revocation context,
 "What is required are the `minimum due process requirements': `notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence in defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." State v. Bourdeau, 448 A.2d at 1249 * * *
State v. Tatro, 659 A.2d at 114. Furthermore, the Rhode Island Supreme Court has recognized that R.I. Rules Crim. Pro. R. 32 (f) codifies a defendant's due process rights at a probation revocation hearing,. State v. Lawrence, 658 A.2d 890, 892 (R.I. 1995).
In considering the applicability of Rule 32 (a)(2) to the matter at bar, this court is also mindful of established rules of construction which require this court to look to the language and purpose of the rule and to give it its plain, ordinary meaning. After a careful review of the relevant authority and in light of the well-settled, significant differences between a criminal trial and a violation hearing for purposes of due process, this court is satisfied that Rule 32 (a)(2) does not apply to defendants at a probation revocation hearing. Therefore, the court in September, 1992, was not required to advise Hampton of his right to appeal its finding of violation. Notwithstanding the lack of a defendant's right to court notification, this court recognizes that the extent of a defendant's right to counsel at a probation revocation hearing must be determined on a case by case basis. See Gagnon, 411 U.S. 778.
Accordingly, this court denies petitioner's motion for partial summary disposition on this issue because petitioner has failed to demonstrate that he prevails as a matter of law.
Significantly, because Hampton has only moved for partial summary judgment on the aforementioned issue, this court's decision today specifically does not address the other constitutional and due process issues raised by Hampton in his application for post-conviction relief.
Counsel shall submit the appropriate judgment for entry.