## BIGGINS v. OLTMER IRON WORKS.
### No. 8892.

Circuit Court of Appeals, Seventh Circuit.

March 1, 1946.

Joseph Kamfner, Edwin A. Halligan, and Samuel M. Lanoff, all of Chicago, Ill., for appellee (in support of motion).

Harlan L. Hackbert, of Chicago, Ill., for appellant (in opposition).

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff in the court below was awarded what is designated as a partial summary judgment against the defendant, Oltmer Iron Works, a corporation.[1] The latter has appealed from such judgment, and plaintiff has moved to dismiss on the ground that the judgment is not final and therefore not appealable under Sec. 128 of the Judicial Code, 28 U.S.C.A. § 225.

It seems pertinent, for reasons which will subsequently appear, to relate briefly the proceedings in which the judgment was entered. Plaintiff's suit, instituted in a state court in Cook County, was removed to the United States District Court on petition of the defendant. According to the complaint, plaintiff sought to recover compensation for services rendered by him as a sales representative for the period commencing in November, 1942, and extending to March 1, 1944. It was alleged that the amount due and owing from the defendant was the sum of $13,308.80. This total amount was broken down into five designated items, including two items upon which the partial summary judgment was entered, as follows:

"$8,566.55 as per check from Corporation to Plaintiff dated May 31, 1944.

"$307.50 as per check from Corporation to Plaintiff dated June 8, 1944."

Subsequent to the removal of the cause to the federal court, defendant's motion to quash the service of summons was denied and also a motion by it for a more definite statement of claim. On December 27, 1944, defendant filed its answer, in which it alleged that the court was without jurisdiction because of defective process of service, and generally denied the allegations upon which plaintiff sought to recover. On December 29, 1944, plaintiff "in accordance with Rule 56 of the Rules of Civil Procedure for the District Court of the United States, moves for summary judgment in the sum of $8,874.05, in accordance with the affidavit and exhibits attached hereto." Attached to the motion was plaintiff's affidavit reciting the facts as to the service rendered by him upon which recovery was sought. The affidavit further alleged in substance that there was no substantial controversy with respect to the sum of $8,874.05, and that a summary judgment should be rendered in favor of the plaintiff for such amount. Attached to and in support of plaintiff's affidavit were numerous exhibits, including a letter from the defendant to plaintiff's attorneys which stated: "We are therefore enclosing herewith check in amount of $8,566.55 which we offer in full settlement of his account with us without prejudice." A copy of defendant's check, payable to plaintiff and referred to in the letter, was attached. A copy of another check in the amount of $307.50, subsequently issued by the defendant, payable to the plaintiff and sent to him in connec-

---

[1] George A. Fuller Company, a corporation, and Merritt-Chapman Scott Corporation, a corporation, are named as garnishee-defendants. These defendants are not involved in this appeal and need not be subsequently referred to.

tion with a statement which contains the words "represents payment in full," was also attached.

The defendant filed no answer or counter-affidavits to plaintiff's motion and affidavits in support thereof for summary judgment. On March 22, 1945, the court entered the judgment appealed from "in the sum of $8,874.05, plus interest at the rate of 5% from May 31, 1944, in the sum of $369.70, making a total of $9,243.75, and that execution issue therefor." It will be noted that the judgment is for the total amount of the two checks with interest from the date of their issuance, which the defendant tendered plaintiff in settlement or compromise of his claim, and which plaintiff refused to accept. Whether defendant's proffer of these checks under the circumstances related affords an evidentiary basis sufficient to support any part of plaintiff's claim is not material to the instant motion to dismiss.

Defendant contends that the judgment is final and therefore appealable under Rule 54(b) of the Rules of Civil Procedure, as construed by the Supreme Court in Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478. Plaintiff contends that the judgment was entered under Rule 56, which contemplates only interlocutory and not final judgments, as construed by this court in Leonard v. Socony-Vacuum Oil Co., Inc., 7 Cir., 130 F.2d 535.

█ Rule 54 (b) provides for a final judgment upon one claim in a suit which is predicated upon more than one claim. The holding in the Reeves case that the judgment entered upon one of the claims in suit was final and appealable is plainly based upon the premise that such claim was "entirely distinct" from other claims sued upon. Defendant, recognizing the rationale of this decision, seeks its application here by arguing that plaintiff's cause of action is predicated upon separate and distinct claims. Specifically, it argues that the checks referred to in plaintiff's complaint, upon which the judgment in question rests, constitute separate and distinct claims. This contention in our view is clearly erroneous. The claim sought to be enforced is for services rendered by plaintiff to the defendant during a stated period of time. The cause of action is based upon a single claim. The fact that the complaint designated certain items, including the checks, as elements of the claim sought to be recovered is not inconsistent with this

conclusion. Whether proper pleading required their designation is now immaterial. In any event, such items were of an evidentiary nature and in fact and reality were mere elements upon which the single claim was predicated.

Such being the situation, defendant's contention that Rule 54 (b) is applicable must be rejected. Plaintiff's contention that the judgment is not final because entered under Rule 56 requires not only an interpretation of such rule but an ascertainment as to whether the judgment was entered in conformity with the rule or in derogation thereof. We observe in the beginning and will attempt to show that this rule, in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware. A partial summary judgment, as the instant one is termed, under the circumstances before us is a misnomer.

█ Of the numerous paragraphs contained in Rule 56, only (a) and (d) are material to the instant situation. Paragraph (a) provides:

"A party seeking to recover upon a claim, counterclaim, or cross-claim * * * may, at any time after the pleading in answer thereto has been served, move * * * for a summary judgment in his favor upon all or any part thereof."

True, this paragraph standing alone indicates that a plaintiff may be awarded a summary judgment for a "part" of the claim sued upon. This paragraph, however, when a summary judgment is sought by plaintiff for only a part of his claim must be construed in connection with paragraph (d) entitled, "Case Not Fully Adjudicated on Motion." It provides:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion * * * shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted."

The language just quoted is controlling in the instant situation where judgment was neither sought nor rendered "upon the whole case or for all the relief asked." When such a situation is presented to a court, is it authorized to enter a partial summary judgment as was done in the in-

stant case? Paragraph (d) plainly answers this question in the negative. It continues:

"It (the court) shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

In other words, interpreting paragraph (d) as a whole, it appears plain that a summary judgment is not contemplated or authorized for any portion of a claim less than the whole. When the court is confronted with such a motion as it was in the instant case, it is authorized only to make an "order" as to the non-controverted facts, "including the extent to which the amount of damages or other relief is not in controversy."

This construction of Rule 56 is not novel. Moore in his treatise on the Federal Rules of Civil Procedure (3 Moore's Federal Practice, 1st Ed. 1938, 3175) states:

"Rule 56 (d) imposes a duty upon the court to sift the issues and to specify which material facts are really in issue and which are not, thereby facilitating and expediting the trial. This pre-trial sifting of the issues upon a motion for summary judgment, as provided in Rule 56 (d), is quite similar to the pre-trial procedure provided in Rule 16, except that under Rule 56(d) it is compulsory, while under Rule 16 it is discretionary with the court."

This court, in the Leonard case, supra 130 F.2d at page 536, approved this interpretation by stating:

"The rule is very similar to Rule 16 concerning pretrial procedure for formulation of issues by the court in conference with the parties. In fact, the drafters expressly indicated that the same purpose lay behind both."

In Audi Vision, Inc., et al. v. RCA Mfg. Co., Inc., 2 Cir., 136 F.2d 621, 147 A.L.R. 574, the court similarly compared Rule 56 (d) with Rule 16. As to the former, it made this significant statement (page 625 of 136 F.2d):

"If the district court will take care in cases such as this to make it clear that its order is of the pre-trial type as authorized under these rules, the parties will then more fully recognize their rights and the

court will have retained full power, as it should, to make one complete adjudication on all aspects of the case when the proper time arrives."

We agree with plaintiff's contention that a judgment (order is the correct term) properly entered under 56 (d) is not final. As we have attempted to show, we think this is evident from the unambiguous language of the rule. Furthermore, it has been held, by this court in the Leonard case, supra, and by the Second Circuit in the Audi Vision case, supra, that such a judgment is not final. Moore, as pointed out in the Leonard case, interprets this rule in the same manner.

Unfortunately, however, this does not solve the question before us for the reason, so we think, that the judgment was rendered in contravention and not in conformity with the rule. All that plaintiff was entitled to at the time of the entry of the judgment was an order (not a judgment) fixing the amount of his claim no longer in dispute, which, under proper procedure, would have ripened into a judgment only upon the ultimate disposition of the whole of his claim. It follows that the court at that stage of the proceeding was without authority to enter a judgment. This situation alone distinguishes the instant case from our previous holding in the Leonard case, supra. There the judgment held to be interlocutory was entered within the rule, or at any rate was so treated; here it was entered contrary to the rule.

We are thus faced with a novel and difficult problem. We are unable to find any authority in point or which materially assists in its solution. Ordinarily a judgment is final when its satisfaction can be aided by execution. On the other hand, a final judgment is usually defined as one which disposes of the entire controversy. Cases supporting both propositions are noted in City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 514. As previously stated, execution was ordered upon the instant judgment and no doubt defendant's property was subject to seizure in satisfaction thereof. At the same time, part of plaintiff's claim remains in litigation.

The judgment must be treated either as final or interlocutory. If the latter, it is subject to review only upon the entry of a judgment disposing of the entire claim. In the meantime, the property of defendant could be seized and sold in satisfaction.

218

Defendant's right to review under such circumstances would be of doubtful value. With its property gone, a reversal would mean little more than an invitation to another lawsuit. Neither the law generally nor the Rules of Civil Procedure contemplate such an incongruous result.

A practical as well as a legal view of the situation leads us to the conclusion that the judgment is final and appealable. Kasishke et al. v. Baker, 10 Cir., 144 F.2d 384, 385, 386. The fact that defendant's property may be seized in satisfaction of the judgment furnishes persuasive support for this conclusion.

The motion to dismiss the appeal is therefore denied.