**TRIANGLE INK & COLOR CO., INC., a New York corporation, Plaintiff,**

**v.**

**The SHERWIN–WILLIAMS CO., an Ohio corporation, Defendant.**

**No. 73 C 1467.**

United States District Court, N. D. Illinois, E. D.

Nov. 8, 1974.

See also D.C., 61 F.R.D. 634.

---

Jack B. Schmetterer, Gottlieb, & Schwartz, Chicago, Ill., for plaintiff.

E. Manning Giles, Ellis A. Ballard and Frank Fowle, Pope, Ballard, Shepard & Fowle, Chicago, Ill., A. D. Childs, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on plaintiff's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for a partial summary judgment on Count V as amended.

Plaintiff Triangle Ink & Color Co. ("Triangle") has sued defendant The Sherwin-Williams Co. ("Sherwin") for breach of two alleged trade secret license agreements which purportedly licensed Sherwin-Williams to use certain secret know-how of Triangle relating to "Vehicle X" and "X-Type Vehicles". The amended complaint consists of eight counts. Count V as amended seeks an accounting for and payment of royalties due from defendant to plaintiff pursuant to a 1968 agreement between the parties for sales by defendant of Vehicle X, X-Type Vehicles, and flushed colors containing Vehicle X and X-Type Vehicles.

Plaintiff's motion for partial summary judgment under Count V is for judgment "in the sum of $18,604.99 . . . for royalties accrued under the 1968 agreement . . . over and above the amounts claimed by the defendant by way of set-off, plus interest thereon from February 28, 1970 to the date of judgment. . . ."

The rationale of Triangle's motion is that although there is serious dispute over whether the full amount of a claimed $125,000 in accrued royalties is owed, there is allegedly no dispute as to a portion of the amount which is owed. In support of its contention Triangle cites Sherwin-Williams' answers to certain interrogatories which show that a minimum balance may be due.

In response, Sherwin-Williams submits that Triangle is not entitled to a partial summary judgment since (1) Triangle has failed to deal with the affirmative defenses contained in the amended answer to the amended complaint; (2) the request constitutes a demand for a partial summary judgment on a portion of a single claim which is not permitted by Federal Rule 56; and (3) the answers made to the interrogatories (which are part of the evidentiary material on which Triangle bases its motion), may be revised depending upon the results of an audit now being conducted.

It is well established that under Rule 56(d) of the Federal Rules of Civil Procedure either party may move for a summary judgment in his favor as to "all or any part thereof". However such a judgment should be granted only when the judgment is to the whole of any one of the several claims joined in the action. The rule does not authorize a summary judgment for any portion of a claim less than a whole. As Judge Ma-

jor stated for the Seventh Circuit in Biggins v. Oltmer Iron Works, 154 F.2d 214 (1946):

> "We observe in the beginning and will attempt to show that this rule [56], in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware" (154 F.2d at 216).

Also see Commonwealth Insurance Co. v. O. Henry Tent and Awning Co., 266 F.2d 200 (7th Cir. 1959); Coffman v. Federal Laboratories, Inc., 171 F.2d 94 (3rd Cir. 1948); Audi Vision Inc. v. R.C.A. Mfg. Co., 136 F.2d 621 (2nd Cir. 1943); Arkansas-Best Freight System, Inc. v. Youngblood, D.C., 61 F.R.D. 565 (1974).

■ A summary judgment may be granted in a situation where a separate claim is presented. A separate claim has been defined as that which is entirely distinct from other claims involved in an action which arises from a different occurrence or transaction which form the basis of separate units of judicial action. Town of Clarksville v. United States, 198 F.2d 238, 240 (4th Cir. 1952); Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942), quoting Atwater v. North American Coal Corp., 111 F.2d 125, 126 (2nd Cir. 1940).

The facts in this case show that Triangle seeks to collect a minimum balance from Sherwin-Williams while the correct total in royalties due from the defendant and also the set-off claims remain to be litigated. Clearly the minimum balance now due is intertwined with the substantive issues of the case. Subsequent to Triangle's motion for partial summary judgment, on August 6, 1974, by leave of court, Sherwin-Williams filed its amended answer in which it asserted two additional affirmative defenses which appear to go to the merits of the case. One of the defenses is that Triangle has misused the alleged trade secret and thus may not collect royalties until it has purged that misuse (Fourth Defense).

■ Plaintiff wants this Court to ignore the affirmative defenses asserted claiming that they are inadequate as a matter of law. However, it is the Court's view that in ruling on a motion for summary judgment the affirmative defenses raise material questions of law and fact.

As an alternative to its motion for summary judgment plaintiff has also requested an order that no triable issue of fact exists to the following:

"1. That the parties entered into the 1968 Agreement pleaded as an exhibit to the amended complaint;

2. That the defendant has pursuant to that Agreement accrued and held and still holds to plaintiff's account and has refused to pay plaintff the following royalties computed by it under that Agreement for the following periods of time:

| | |
|---|---|
| 3/1/72–8/31/72 | $33,053.32 |
| 9/1/72–2/28/73 | 22,855.02 |
| 3/1/73–8/31/73 | 29,845.95 |
| 9/1/73–2/28/74 | 24,919.70 |
| | $110,673.99 |

3. That defendant asserts an affirmative defense as to the $92,069.00 by way of set-off against the said accrued royalties.

4. No triable issue of fact and no issue of law exists as to the liability of defendant to pay plaintiff all royalties accrued after March 1, 1972, under that agreement and above the said $92,069.00 set-off."

However, for the Court to issue such an order would be to pre-try a portion of the case. The order requested by Triangle would neither eliminate nor simplify the accounting for royalties still called for by Triangle in Count V.

Accordingly plaintiff's motion for a partial summary judgment as to Count V is hereby denied.