**CAPITOL RECORDS, INC., Plaintiff,**

v.

**PROGRESS RECORD DISTRIBUTING, INC., Defendant.**

No. 84 C 7726.

United States District Court,
N.D. Illinois, E.D.

April 10, 1985.

Edward Margolis, Leo Feldman, Orin Rotman of Teller, Levit & Silvertrust, Chicago, Ill., for plaintiff.

Karen Grandstrand of Frankel and McKay, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This diversity case is before the court on the motion of plaintiff Capitol Records, Inc. ("Capitol") for partial summary judgment. According to Capitol's one-count complaint, Capitol sold and delivered to defendant Progress Record Distributing, Inc. ("Progress Record") merchandise valued at $17,571.50. This amount is reflected in two statements dated August 1, 1984 for $6,984.54 and $10,586.96. (Complaint Exhibits A and B.) Capitol alleges that it has made due demand for the full amount and that Progress Record has refused and con-

tinues to refuse to make payment. In the complaint, Capitol requests judgment in the amount of $17,571.50 plus the costs of suit. In the motion for partial summary judgment, Capitol requests judgment as to amounts that Progress Record had admitted are due.

### Undisputed Facts

Capitol's complaint claims amounts due totalling $17,571.50 on goods listed in Exhibits A and B of the complaint. Progress Record admits in its answer that Capitol sold and delivered these goods, but denies "the amount of the goods is $17,571.50." (Answer, filed 12/14/84, ¶ 2.) Before the filing of this motion, Progress Record argued that Capitol failed properly to credit Progress Record's accounts in an October 1, 1984 statement. (*See* Defendant's Response, filed 3/25/85, Exhibit C; Plaintiff's Reply, filed 4/1/85, Exhibit A.) Capitol Records has conceded the failure and now contends that only $14,294.67 remains due on the two August 1, 1984 statements. (Plaintiff's Motion for Partial Summary Judgment, filed 2/15/85, Uncontested Issues of Fact at ¶ 1.)

Capitol next sought to determine if Progress Record had any remaining objections to the $14,294.67 claimed due. On January 30, 1985, Progress Record sent Capitol seven documents, each entitled "Debit Memorandum Progress Record Distributing, Inc." (Defendant's Response, *supra*, at Group Exhibit E; Plaintiff's Motion, *supra*, at Exhibits B–H.) The parties agree that these documents were meant by Progress Record to be credited to its accounts at Capitol. The debit memoranda all pre-date the two statements of August 1, 1984 and concern credits for advertising on Capitol's behalf and for returned merchandise. Progress Record states, and the court's own addition confirms, that the requested credits reflected in these debit memoranda total $50,489.00. (Defendant's Response, *supra*, at Grandstrand Aff. ¶ 4.) Karen Grandstrand, Progress Record's attorney, states in her March 25, 1985 affidavit that "[a]t this time, the undersigned is unaware of the existence of additional cred-

its to which Defendant may claim it is entitled."

The parties also agree that Capitol in fact did credit Progress Record's account for most of the amounts stated in the debit memoranda. In its motion for summary judgment, Capitol attaches as Exhibit A a document purporting to be page seven of an October 1, 1984 statement to Progress. Six credit entries on the statement correspond to six of the seven debit memoranda, according to Capitol. In each case, the credit is for a substantial amount, but not all of the amount reflected as due on Progress Record's debit memoranda. The total credits corresponding to the six claims amount to $45,204.32. (Defendant's Response, *supra*, Grandstrand Aff. ¶ 3.) Progress Record admits that the credits listed above were made and do correspond to six of the seven debit memoranda. (Defendant's Response, *supra*, at pp. 2–3, ¶¶ 3–4.)

Capitol contends that Progress Record is liable to Capitol for the amount of $14,294.67 minus any credits additional to those already accounted for. The parties agree that Progress Record has claimed credits totalling $50,489.00 and has been granted only $45,204.32 of these credits. The difference between these two amounts, $5,284.68, is in dispute. (The actual difference itself is miscalculated by both parties. Capitol claims the figure in dispute is $5,284.74, (Plaintiff's Motion, *supra*, Uncontested Issues of Fact at ¶ 3), while Progress Record claims it is $5,284.78, (Defendant's Response, *supra*, at p. 3, ¶ 5). The court's own calculations come to $5,284.68, which will be the figure used in this opinion.)

In its motion for partial summary judgment, Capitol seeks a judgment for the amount of $14,294.67 minus the difference between the sum of the debit memoranda and the credits corresponding to the debit memoranda ($5,284.68). Hence, Capitol states in its statement of uncontested facts that "the uncontested balance is $9,009.93." (Plaintiff's Motion for Summary Judgment, *supra*, Uncontested Issues of Fact at ¶ 4.) (The court's figure is $9,009.99.) Capitol requests partial summary judgment as to this undisputed amount.

The court notes before proceeding that Progress Record's response carefully avoids admitting that it is liable for the amounts stated in the two August 1, 1984 statements. In its answer, it admits receipt of the goods but denies the accuracy of the amount alleged due. Rather, Progress Record agrees with and employs Capitol's documents and calculations, framing the disputed issue only as follows: "Whether, after deductions for all credits due and owing it, Progress owes Plaintiff ... $14,294.67 for merchandise sold and delivered to Progress by Capitol." (Defendant's Response, *supra*, Statement of Genuine Issues.) It is this circumspection, whether purposeful or not, that Local Rule 12(f) in part seeks to cure.

Under Local Rule 12(e), the moving party in a motion for summary judgment must file a statement of the material facts which the movant believes are undisputed. The opposing party then has the duty of pointing out which of these facts, if any, are disputed. More specifically, Local Rule 12(f) provides:

Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in rule 56(e) and a supporting memorandum of law, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Hence, Progress Record, by not filing a statement or evidence controverting Capitol's statement that $9,009.93 is the uncon-

tested balance due, has admitted that at least that amount is due and owing. The court corrects an obvious mathematical error, and finds that Capitol claims and Progress Record admits $9,009.99 is due.

### Propriety of Motion for Partial Summary Judgment

#### A. Motion Under Rule 56(a)

Progress Record contests the propriety of the present motion for "partial summary judgment," which seeks judgment as to less than a single claim. On its face, Rule 56 is somewhat confusing on whether judgment may be entered on a part of one claim. It is true, as Capitol points out, that Rule 56(a) refers to "[a] party seeking to recover upon a claim" and provides that such a party may move for "summary judgment ... upon all or any part thereof." *See also* Fed.R.Civ.P. 56(b). Capitol argues from this language that it is entitled to seek a judgment as to part of its one-count complaint.

■ However, a reasonable reading of Rule 56 in the context of the Federal Rules in general supports Progress Record's position. Rule 56(a) refers to judgments. "Judgment" is defined by the Federal Rules as an order from which an appeal lies. Fed.R.Civ.P. 54(a). At a minimum, an appeal may be taken of an adjudication disposing of a single claim or of all claims against a single party. Fed.R.Civ.P. 54(b). Additionally, under some circumstances, an appeal may be taken of a finding of liability where the computation of damages is "mechanical and uncontroversial." *Parks v. Pavkovic*, 753 F.2d 1397, 1401–02 (7th Cir. 1985). To hold that judgment could be entered and an appeal taken on part of a claim would result in bifurcated proceedings that could only delay unnecessarily the progress of the litigation.

In addition, Rule 56(d) implicitly establishes that summary judgment is available only for an entire claim at a minimum. That provision, as will be discussed below, allows the court to enter interlocutory orders setting forth facts that will be deemed established and uncontested at trial.

■ The propriety of summary judgment on a portion of a claim was decided by the Seventh Circuit in a case not cited by either party. In *Biggins v. Oltmer Iron Works*, 154 F.2d 214 (7th Cir.1946), *cited in* 10A C. Wright & A. Miller & M. Kane, *Federal Practice and Procedure* § 2737, p. 457 n. 7 (1983 & Supp.1984), the plaintiff sought compensation for services rendered. The district court entered "partial summary judgment" as to amounts owed that were uncontested. In a thorough and well-reasoned opinion, the Seventh Circuit found that under the Federal Rules, a *judgment*, as opposed to an interlocutory *adjudication*, may not be entered on "a portion of a single claim in suit." 154 F.2d at 216. *See Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.*, 64 F.R.D. 536, 537–38 (N.D. Ill.1974) (factual discussion reveals that movant desired not only a Rule 56(d) adjudication but a final judgment as to the undisputed damages under a single claim); 6 Pt. 2 J. Moore, *Moore's Federal Practice* ¶ 56.20[3.–2] & [3.–3], pp. 56–1219 & 56–1225 (1982 & Supp.1984–85). Hence, it is clear that Capitol is not entitled to summary judgment on this motion. Framing the motion as one for partial summary judgment does not cure the fatal defect of moving for judgment on a portion of a claim.

■ Two provisions of Rule 56 discuss the disposition of less than an entire claim. Under Rule 56(c), "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages." *See generally* 6 Pt. 2 J. Moore, *supra*, at ¶ 56.20[3.–2]; 10A C. Wright & A. Miller & M. Kane, *supra*, at § 2736. Rule 56(d) provides:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material

facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

The two subprovisions overlap to some extent. For example, a determination on liability may be made pursuant to Rule 56(d). 10A C. Wright & A. Miller & M. Kane, *supra*, at § 2736, p. 447.

### B. Motion Under Rule 56(d)

■■ An adjudication under Rule 56(d) is clearly interlocutory and in the nature of a pretrial order. *Biggins*, 154 F.2d at 217; 10A C. Wright & A. Miller & M. Kane, *supra*, at § 2737, p. 459; 6 Pt. 2 J. Moore, *supra*, at ¶ 56.20[3.–2], pp. 56–1215 to 56–1217. Hence, such adjudications are clearly not "judgments," although authorized by a rule encaptioned "Summary Judgment." Thus, while Capitol is not entitled to summary judgment, it may under some circumstances be entitled to an order that narrows the triable issues in the case. The next question raised is whether Capitol's present motion for "partial summary judgment" entitles it to an adjudication under Rule 56(d). (The court does not decide whether Capitol could have framed its pleadings or this motion in such a way as to allow it to move for judgment as to a single claim or party.)

The *Biggins* Court implied that a motion could be brought originally under Rule 56(d), explaining that "[w]hen the court is confronted with such a motion [for partial summary judgment on a portion of a claim], it is authorized only to make an 'order' as to the non-controverted facts...." 154 F.2d at 217. However, other authorities directly confronted with the issue reach the opposite conclusion.

First, the language of Rule 56(d), by referring to failure to achieve judgment "on a motion under this rule," implies that Rule 56(d) itself does not authorize the filing of a motion for a partial adjudication. One court in this district has interpreted Rule 56(d) as applying only where a party has moved unsuccessfully under Rule 56(a) and (c). *SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555, 558–59 (N.D.Ill.1984); *Oberweis Dairy v. Associated Milk Producers, Inc.*, 553 F.Supp. 962, 970–71 & n. 16 (N.D.Ill.1982); *Mendenhall v. Barber-Greene Company*, 531 F.Supp. 947, 948 (N.D.Ill.1981) ("Rule 56(d) is not an independent provision permitting the singling out of limited issues on which the Court's advice may be obtained."); *but see Bonda's Veevoederfabriek, Provimi, B.V. v. Provimi, Inc.*, 425 F.Supp. 1034, 1036 (E.D.Wis. 1970). Second, commentators on Rule 56(d) have indicated that its procedures are "ancillary to a motion for summary judgment," 10A C. Wright & A. Miller & Kane, *supra*, at § 2737, p. 457, and designed "to salvage whatever constructive results have come from the judicial effort" to dispose of a motion for summary judgment, 6 Pt. 2 J. Moore, *supra*, at ¶ 56.20[3.–3], p. 56–1223.

■ The court agrees with the logic of these cases and commentators that Rule 56(d) provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56's other provisions; it does not create a vehicle for the type of motion brought by Capitol in this case. Were the court to hold otherwise, Rule 56(d) could be used to justify numerous and repetitive motions seeking to resolve limited factual issues in a piecemeal fashion. Such adjudications would not dispose of a claim or even become final until trial, and would waste judicial resources in almost every case. Parties in effect could force the court to make the type of determinations that are properly made by the court in its discretion under Rule 16. A fair reading of Rule 56(d), then, is that it does not allow a party to bring a motion for a mere factual adjudication. Rather, it allows a court, on a proper motion for summary judgment, to frame and narrow the triable issues if the court finds that such an

**30**

order would be helpful to the progress of the litigation.

Capitol argues that Progress Record has resisted settlement of this action, and that a partial adjudication would goad the parties to settle. Where the finding requested would not result in an enforceable judgment, the court is not convinced that settlement would be appreciably advanced thereby. Such an adjudication would simply recognize what both parties already know, that the non-movant will not be able to controvert certain facts at trial. Assuming that settlement will be advanced in the present case, however, the court finds that the policy reasons behind denying a Rule 56(d) adjudication to a movant who does not move for "true" summary judgment outweigh the settlement effect of the finding Capitol now seeks.

### C. Motion Under Rule 56(c)

■ Unlike Rule 56(d), which provides for an "order" specifying undisputed facts after denial of judgment, Rule 56(c) provides for "summary judgment, interlocutory in character." The court interprets this language as allowing the filing of a motion for summary judgment only on the issue of liability as to at least a single claim or party. The usefulness of this procedure may be seen, for example, in the case where the calculation of damages is a ministerial matter, and indeed, appeal from a finding of liability is allowed under some circumstances. *See Parks v. Pavkovic,* 753 F.2d at 1401–02.

■ Capitol has not expressly moved for summary judgment on the issue of liability on the one-count complaint. However, the court construes the motion as such. Since the admitted liability is greater than the amount of disputed credits, the court grants summary judgment against Progress Record and in favor of Capitol on the issue of liability under the complaint. The only remaining issue is the amount of damages. A trial date will be set at the status hearing of April 10, 1985 to resolve the issue of damages.

### Conclusion

The court grants Capitol's motion for partial summary judgment in part. In specific, the court grants Capitol's motion on the issue of liability only. On the status hearing of April 10, 1985, the court will set a trial date to resolve the issue of damages.

It is so ordered.