**In re F & L PLUMBING AND HEATING CO., INC., Debtor.**

**F & L PLUMBING & HEATING CO., Plaintiff,**

**v.**

**N.Y. UNIVERSITY, Henry Quentzel Plumbing Supply, Inc., Innovax East Construction Corp., Bearsville, Inc., and Aurora Pump, a unit of General Signal Corp., Defendants.**

No. CV 89–3502(RR).
Bankruptcy No. 187–72499–260.
Adv. No. 188–0047.

United States District Court,
E.D. New York.

April 6, 1990.

Collier, Cohen, Shields & Bock by Lewis Siegel, New York City, for plaintiff.

Allen Lashley, Brooklyn, N.Y., for defendant N.Y. University.

Ross, Suchoff, Taroff, Egert & Hankin, P.C. by Bruce Egert, New York City, for

defendant Henry Quentzel Plumbing Supply.

Rand, Rosenzweig, Smith & Randy by David L. Smith, New York City for defendant Aurora Pump, a unit of General Signal Corp.

## ORDER

RAGGI, District Judge:

Having reviewed the findings of fact and conclusions of law issued in Judge Duberstein's Decision and Certificate of September 12, 1989, pursuant to 28 U.S.C. § 157(c)(1), and no objections having been filed, the court hereby denies without prejudice plaintiff's motion for partial summary judgment and New York University's cross motion for discovery and sanctions.

SO ORDERED.

## DECISION AND CERTIFICATE

(Dated Sept. 12, 1989)

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the court on a motion for partial summary judgment by the Plaintiff, F & L Plumbing and Heating Co., Inc. ("F & L" or "the debtor"), the debtor in this bankruptcy case, and a cross motion for discovery and sanctions filed by Defendant New York University ("NYU") in the above-captioned adversary proceeding.

On November 20, 1987 the debtor filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code. The within adversary proceeding commenced by the debtor is concerned with a dispute arising out of a contract wherein NYU retained the services of F & L as a plumbing contractor for a job known as the Stern Hall Project. The first count of the complaint ("Count I),

brought pursuant to 11 U.S.C. § 542, alleges that NYU is holding a "fund" of $147,-489.39 for work done on Stern Hall which constitutes property of the estate. The complaint further seeks in the second and third claim for relief, a determination as to the relative rights of various subcontractors who have asserted rights to the fund, alleging that the claims of Innovax East Construction Corp. ("Innovax"), Bearsville, Inc. ("Bearsville"), and Aurora Pump ("Aurora") have no validity and that Henry Quentzel Plumbing Supply, Inc. ("Quentzel") may have a secured claim in the amount of $50,000 if it filed a valid mechanics lien. No specifics of the contract are included in the complaint other than the amount of the purported fund.

An answer was thereafter interposed by NYU wherein it acknowledges that it has not paid certain sums but denies the fact that the sum of $147,489.39 is owed. It admits, however, that it is holding certain funds pursuant to Articles 2 [1] and 3A [2] of the New York Lien Law. The answer further admits that Aurora filed a mechanics lien and that Innovax has asserted claims against the University but specifically denies that Quentzel has filed a valid mechanics lien. Various affirmative defenses are asserted including the lack of subject matter jurisdiction; that F & L did not fully perform the terms and conditions of its agreement and as a consequence, the monies claimed are not due, owing or payable; that the University and Innovax have paid all monies due and owing to F & L, that various claims against the "fund" exist which would impute liability on NYU should it release the monies; and other affirmative defenses which are not directly relevant to the instant motions.

An answer to the complaint was also filed by Quentzel in which it claims it does

---

**1.** Article 2 of the New York Lien Law entitled "Mechanics Liens" was enacted for the purpose of protecting persons enhancing the value of real property by furnishing materials or performing labor in its improvement with the owner's consent by giving such person an interest therein to extent of value of such material or labor.

**2.** Article 3A of the New York Lien Law entitled "Definition and Enforcement of Trusts" was enacted for the purpose of enhancing and strengthening the provisions of the Lien Law by declaring certain funds to be trust funds for payment of claims arising in an improvement of real property or arising in the performance of a contract or subcontract for an improvement of real property or a public improvement.

in fact maintain a valid mechanics lien. Additionally, a counter-claim is asserted against the Plaintiff and cross-claims are asserted against all other named defendants, including a claim against NYU for a judgment against the University for any amounts due and owing by F & L to Quentzel. NYU thereafter answered the cross-claims denying all allegations and demanded judgment dismissing the cross-claims.

Thereafter, Plaintiff moved for an order pursuant to Bankruptcy Rule 7056 granting it partial summary judgment against NYU in the amount of $102,806.12 plus interest on the grounds that with respect to that portion of the amount sought in Count I of the complaint, there exists no genuine issue of any material fact, entitling F & L to judgment as a matter of law. In sole support of its motion, the debtor submits an affidavit of Lucian Truncali, an officer of F & L and a memorandum of law. Glaringly absent are any supporting documents such as a copy of the contract between the debtor and NYU, receipts, correspondence, notice of liens, stipulations, etc.

Paragraph 14 of the Truncali affidavit sets forth what it characterizes as "undisputed facts":

14. Accordingly, to the best of affiant's knowledge it is undisputed that NYU owes F & L $102,806.12 plus interest from and after September 1987 (at the latest) calculated as follows:

| | |
|---|---|
| Base Contract | $550,000.00 |
| Approved Extras | 242,872.49 |
| Less Amount Paid | (679,324.69) |
| Less Disputed Backcharges | ( 10,741.68) |
| Undisputed Amount Owed F & L | $102,806.12 |

Interest on $102,806.12 from October 1, 1987 through today would total approximately 10,000.

Absent from the motion is any reference to a "fund" or a sum certain being held in a trust relationship. Nor is there any discussion with respect to the amount of $147,489.39, the true subject of the proceeding as per the adversary complaint.

A memorandum of law submitted by the debtor in support of the motion for pre-trial summary judgment is devoid of any case law and merely reiterates the "undisputed facts" in the best light of the movant (at times in direct conflict with statements of fact in NYU's answer). The only legal discussion found therein is a recitation of sections of the New York Lien Law and a cursory application of their provisions insofar as they affect the interests of the parties.

NYU subsequently filed with this court a cross-motion for discovery and sanctions, again raising the defense that claims, offsets, and backcharges may or do exceed the $102,806.12 sought in the motion for partial summary judgment. In fact, the exhibits to the cross-motion include an affidavit of George Upton, a Senior Project Manager with the Department of Planning and Construction for NYU, wherein he asserts that NYU is entitled to $43,391.10 for deficiencies in the work, far in excess of the $10,741.68 claimed to be undisputed in F & L's moving papers.

F & L countered with a reply memorandum of law in support of the motion for partial summary judgment and in opposition to NYU's cross-motion. The memorandum first picks apart the Upton affidavit item by item to reach the conclusion that the motion for partial summary judgment might be inaccurate and the amount sought should now be limited to only $101,630.12. The reply then proceeds to attack the affidavit as being defective on the ground that Mr. Upton is not competent to testify on NYU's behalf pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. F & L concludes that the Upton affidavit, on which it relies to determine the "undisputed" amount owed to F & L, should be disregarded based on the deficiency.

## DISCUSSION

### Partial Summary Judgment

A motion for partial summary judgment is governed by Bankruptcy Rule 7056 which incorporates Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Rule 56(c) of the FRCP provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court's function is not to try issues of fact but to determine

"whether there are issues to be tried." *Schering Corp. v. Home Insurance Co.*, 712 F.2d 4, 9 (2d Cir.1983) (quoting *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ In a motion for summary judgment, the movant bears the initial burden of identifying to the court those portions of the pleadings, depositions, answers to interrogatories, and affidavits, if any which show the absence of such issue of fact. *Pettibone Corporation v. Ramirez (In re Pettibone Corporation)*, 90 B.R. 918, 921 (Bankr.N.D.Ill.1988) (citing *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Once this initial burden is met, the adverse party may not rest upon the mere allegations or denials in his pleading, but must set forth specific facts showing there is a genuine issue for trial. *Id.* The non-moving party is in a favorable position having the credibility of his evidence assumed, all internal conflicts in dispute resolved in his favor, and all legal theories invoked by the evidence reflected favorably upon him. *The Pillsbury Company v. FCX Inc. (In re FCX, Inc.)*, 62 B.R. 315, 322 (Bankr.E.D.N.C.1986) (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985)).

A ruling for summary judgment is a harsh one in that it completely denies the non-movant an opportunity to be heard.

> (The) court recognizes the drastic nature of the summary judgment remedy, finding it appropriate only if "the moving party has established his right to a judgment with such clarity as to leave no room for controversy and the non-moving party is not entitled to recover under any discernible circumstances." *DeWoskin v. Sears, Roebuck & Co. (In re Ford Parcel Service, Inc.)*, 76 B.R. 697, 700 (Bankr.E.D.Mo.1987) (quoting *Butler v. MFA Life Insurance Co.*, 591 F.2d 448, 451 (8th Cir.1979)).

The movant in the instant case seeks partial summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. This rule applies all the requisites needed for summary judgment, but it is only available in federal pleading "when it disposes entirely of one or more of the counts of the complaint." *Pettibone*, 90 B.R. at 922; *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir.1946).

This court is being asked to decide whether a genuine issue of material fact exists with respect to the first count of the complaint which alleges that NYU is holding a fund of $147,489.39 due F & L for work done on the Stern Hall project. The present motion rests on the theory that NYU has admitted to owing F & L $101,-630.12 (or $102,806.12 should we ignore the Upton affidavit) and that therefore there is no dispute as to F & L being entitled to that sum only, pending a trial on the entire amount sought in the complaint.

■ As stated, the movant bears the initial burden of identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which show the absence of any genuine issue of material fact. *Pettibone*, 90 B.R. at 921. F & L rests its motion on a bare allegation in its complaint which is unsupported by depositions, answers to interrogatories, and affidavits. The Truncali affidavit states nothing more than that there are no genuine issues of facts which are in dispute with respect to NYU's indebtedness to F & L for $102,806.12. A bare allegation alone does not convincingly show the absence of a genuine issue.

■ F & L also uses affidavits by Aurora Pump and Quentzel in support of its motion. The affidavits state that these lienors will benefit from F & L's summary judgment reward and will therefore release their claims against NYU if summary judgment is granted. These affidavits are self-serving and fails to show whether there is a genuine issue as to who is entitled to the monies sought. It seems likely that if summary judgment were not granted the lienors would then assert their rights to the $102,806.12 and would claim that their in-

terest is superior to F & L's. Hence, the affidavits fail to demonstrate the absence of a genuine issue of material fact and therefore fail to support F & L's motion for partial summary judgment. Rather, the affidavits are being inappropriately used as vehicles for a universal settlement.

By failing to convince this court that no genuine issue of material fact exists, F & L failed to satisfy its initial burden of proof. Because of the foregoing, this court is not required to look to whether the non-movant has met its burden. However, even a cursory analysis suggests that NYU has placed the amount owed to F & L at issue.

█ In response to F & L's motion by way of a cross motion seeking discovery and sanctions, NYU disputes owing the amount sought, asserting that offsets and backcharges may or do exist which exceed the $102,806.12 sought in the motion. This assertion alone appears to be enough to demonstrate that there is a genuine issue of material fact. Unfortunately, an analysis of the alleged claims and liens under Articles 2 and 3A of the Lien Law is impossible as the court has not been supplied with documents from either side which help to determine the validity of the liens. Additionally, Count I of the complaint deals only with the turnover of the fund, and partial summary judgment is applicable only to that count and does not purport to seek a determination as to the status of the liens. If a proper defense to F & L's motion lies with the lien issue, the dearth of information supplied is clearly insufficient for a just determination.

It should be noted that if it is later found that NYU's assertion of offsets and backcharges has no merit, that it was not made in good faith and was made solely to forestall an inevitable judgment, sanctions would be appropriate if no such defense is found to exist at trial. Likewise, NYU's entitlement to sanctions is not ripe for determination and its request is denied subject to renewal when the merits of all claims are borne out in a proper evidentiary hearing.

█ F & L's motion for partial summary judgment is also faulty in that it fails to dispose entirely of one count of the complaint as required by the FRCP. *Pettibone* 90 B.R. at 922 (citing *Biggins,* 154 F.2d at 216; *Capitol Records, Inc. v. Progress Record Distrib.,* 106 F.R.D. 25, 28 (N.D.Ill. 1985); *Triangle Ink & Color Co., Inc. v. Sherwin–Williams Co.,* 64 F.R.D. 536, 537–538 (N.D.Ill.1974)). In the complaint, F & L alleges that NYU is holding a fund of $147,489.39 for work done on Stern Hall which constitutes property of the estate. In F & L's motion and supporting documents, F & L alleges that it is owed an undisputed amount of $102,806.12. Absent from the motion is any reference to the fund that is alleged to exist in the complaint, nor is the $102,806.12 sought in the motion identified as being derivative of the fund. Even if it is assumed that the amount sought is derivative of the fund, the relief sought would amount to only part of that which is sought in Count I of the complaint. "To be certifiable under the terms of Rule 54(b) [of the FRCP] a judgment must possess the requisite degree of finality and must dispose of at least a single substantive claim." *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir.1978). Where consideration of further relief remains reserved, judgment is neither "final" nor an entire "claim" for which a judgment may be issued. *Id.* To render a decision for summary judgment for only part of a single count of a complaint would run contrary to the court's interest in judicial economy.

So uncertain is F & L as to the amount NYU owes them for work performed on the Stern Hall project that they amended their motion upon review of NYU's opposition to the motion for partial summary judgment and are now seeking a lesser amount. Such facts lead the court to question whether a set fund actually exists which the debtor is seeking to turnover or whether the debtor is seeking to turnover an inexact sum representing a purported accounts receivable.

### Core v. Non–Core

█ A determination as to whether we are dealing with the turnover of a set fund or an inexact sum will decide whether or

not the instant action is a core proceeding. This issue is of crucial importance because the Bankruptcy Court's authority to render a final decision depends on whether the proceeding is core or non-core. *STN Enterprises Inc. v. Noyes (In re STN Enterprises, Inc.),* 73 B.R. 470, 479 (Bankr.Vt. 1987). 28 U.S.C. § 1334 provides that—

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.

Under 28 U.S.C. § 157(a), the district court may refer to the bankruptcy judges for the district "any or all cases arising under title 11 and any or all proceedings arising in or related to a case under title 11." *See generally Levovitz v. Verrazano Holding Corp. (In re Verrazano Holding Corp.),* 86 B.R. 755 (Bankr.E.D.N.Y.1988). However, a bankruptcy judge may hear and determine only core proceedings arising under Title 11 (a proceeding invoking a provision of Title 11 or based on a Title 11 right) or arising in a case under Title 11 (a proceeding which would have no existence outside the bankruptcy case). *Inganamort v. New York State Electric & Gas Co., Inc. (In re P.D.S. Development Corp.)* 103 B.R. 93 (Bankr.S.D.N.Y.1989). Section 157(b)(2) provides a non-inclusive list of these core proceedings. A bankruptcy judge may hear a proceeding that is "not a core proceeding but that is otherwise related to a case under Title 11" but the judge may only submit "proposed findings of fact and conclusions of law" to the district court leaving the district court to enter any final order or judgment upon *de novo* review. 28 U.S.C. § 157(c)(1). Thus, a bankruptcy judge's role when hearing non-core proceedings otherwise related to a case under title 11 is merely advisory. *Hackling v. Kahn (In re Luis Elec. Contracting Corp.),* 100 B.R. 155, 156 (E.D.N.Y.1989).

According to 28 U.S.C. § 157(b)(2)(E), bankruptcy judges may hear all core proceedings which include but are not limited to orders to turn over property of the estate. Turnover proceedings, as provided in § 542(b) of the Bankruptcy Code, apply to "an entity that owes a debt that is matured, payable on demand, or payable on order." Whether a claim for an overdue account can be described as a matured debt depends on whether it is "specific in its terms as to amount due and date payable." *Allegheny Inc., v. Laniado Wholesale Co. (In re Allegheny Inc.),* 68 B.R. 183, 190 (Bankr.W.D.Pa.1986). If the debtor's claim lacks such certainty, an action for turnover may be inappropriate. *Id.*

In the instant case, the debtor's complaint, pursuant to Bankruptcy Rule 7008(a) identifies the action as a core proceeding in that the debtor is seeking to recover a fund of $147,489.39 for work done on Stern Hall which constitutes property of the estate. However, the mere characterization of a proceeding as one for turnover is not dispositive of whether an action is a core proceeding. *Northeast Dairy Cooperative Federation, Inc. v. Dellwood Foods, Inc. (In re Northeast Dairy Cooperative Federation, Inc.),* 72 B.R. 663, 675 (Bankr.N.D.N.Y 1987). A bankruptcy court "is required to look behind the characterization, and analyze the true nature of the relief sought." *Id.* If the debtor in the instant proceeding is not seeking the turnover of a specific fund, as we are inclined to believe, then such action shall not be deemed "a core proceeding," negating the power of the court to render a binding judgment absent the consent of the parties.

Neither party in this case substantiates the existence of the purported fund, and all papers seem to contradict the debtor's allegation that such a set, segregated fund in fact exists. F & L's complaint seeks $147,489.39; its motion seeks $102,806.12, and its reply to NYU's cross motion seeks $101,630.12. The amount sought has thus not been established as a matured

debt in that it is not "specific in its terms as to amount due." *Allegheny*, 68 B.R. at 190. Therefore, this action is not a core proceeding. Furthermore, since other parties may have legal rights to the monies sought, the account cannot properly be considered to be property of the estate that may be subject to turnover.

Having determined that a set fund does not exist, the court must now decide whether it may pass upon the instant motion by way of F & L's seeking to turnover an inexact sum in the nature of an accounts receivable. Courts are split over the issue of whether proceedings initiated to collect accounts receivable are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A), (E) or (O). On the one hand, many courts have concluded that actions to collect accounts receivables are core proceedings. *Lesser v. A–Z Assoc. (In re Lion Capital Group)*, 46 B.R. 850 (Bankr.S.D.N. Y.1985), *aff'd.*, 63 B.R. 199 (S.D.N.Y.1985) (actions to collect accounts receivable are core); *In re Allegheny, Inc., supra; In re Windsor Communications Group*, 67 B.R. 692 (Bankr.E.D.Pa.1986); *In re National Equip. & Mold Corp. v. Apollo Tire Co., Inc. (In re National Equip. & Mold Corp.)*, 60 B.R. 133 (Bankr.N.D.Ohio 1986); *Franklin Computer Corp. v. Harry Strauss & Sons, Inc. (In re Franklin Computer Corp.)*, 50 B.R. 620 (Bankr.E.D. Pa.1985); *Baldwin–United Corp. v. Thompson (In re Baldwin–United Corp.)*, 48 B.R. 49 (Bankr.S.D.Ohio 1985). On the other hand, a number of courts have opined that such actions are not core proceedings. *Acolyte Elec. Corp. v. City of New York*, 69 B.R. 155 (Bankr.E.D.N.Y.1986), *aff'd.* Misc. 86–0329 (JBW), 1987 WL 47763 (E.D. N.Y. March 27, 1987) (collection of garden variety accounts receivable is non-core); *Fisher v. Ins. Co. of the State of Pennsylvania (In re Pied Piper Casuals, Inc.)*, 65 B.R. 780 (S.D.N.Y.1986); *George Woloch Co. v. Longview Capital Plastic Pipe, Inc. (In re George Woloch Co., Inc.)*, 49 B.R. 68 (E.D.Pa.1985); *Eastern Electric Sales Co., Inc. v. General Electric Co.*, 94 B.R. 348, 349 (E.D.Pa.1989) (proceedings to collect accounts receivable in which the underlying transaction occurred pre-petition is only "related to a case under title 11"); *United Security & Communications, Inc. v. Rite Aid Corp. (In re United Security & Communications, Inc.)*, 93 B.R. 945 (Bankr.S. D.Ohio 1988); *In re Northeast Dairy Co-op Federation, Inc., supra; Century Brass Products, Inc. v. Millard Metals Service Center, Inc. (In re Century Brass Products, Inc.)*, 58 B.R. 838 (Bankr.Conn. 1986). Adopting the well-reasoned opinion of Judge Holland in *Acolyte*, we believe that the collection of an accounts receivable that is clearly in dispute is a non-core proceeding.

Since the movant has failed to convince this court that there are no genuine issues of material fact, and since this action is merely "related to" the underlying bankruptcy case, this court can only certify to the district court that summary judgment should be denied.

## CONCLUSIONS OF LAW

1. The instant adversary proceeding is not a core proceeding arising under title 11 or arising in a case under title 11 and in the absence of consent, this court may not enter an appropriate order or judgment as provided for by 28 U.S.C. § 157(b).

2. This court is empowered to submit findings of fact and conclusions of law to the district court to enter a final order or judgment as provided for by 28 U.S.C. § 157(c)(1).

3. The plaintiff's motion for partial summary judgment and NYU's cross-motion for discovery and sanctions should be denied without prejudice to renew.

The foregoing constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 9033(a) pursuant to 28 U.S.C. § 157(c)(1) and the same are referred to the district court for *de novo* review as provided for by said 28 U.S.C. § 157(a)(1) and in accordance with Bankruptcy Rule 9033(b).