979 F.Supp. 164 (1997)
In re AIR CRASH DISASTER NEAR WARSAW, POLAND ON MAY 9, 1987.
Isaac KIRSCH, as Administrator of the Estate of Aniela Kirsch, deceased, Plaintiff,
v.
LOT POLICY AIRLINES, a/k/a Polskie Linie Lotnicze, Defendant.
Elizabeth Bauer CWIK, Individually, and as Administratix of the Estate of her son, Vincent Joseph Cwik, Jr. deceased, and on behalf of her decedent's surviving wife, Marta K. Cwik and decedent's infant daughter, Natalia Joy Cwik, Plaintiff, Rose Nesgoda, Individually as Surviving Wife and as Trustee of the Estate of her husband, Robert Nesgoda, deceased, and on behalf of her decedent's surviving daughter, Rachel Nesgoda, Plaintiff, Mark Byra, Individually and as administrator of the Estate of his father, Stanislaw Byra, Deceased, and on behalf of his decedent's wife, Maria Byra and decedent's surviving sons, Bogdan Byra and Mark Byra, Plaintiff,
v.
LOT POLISH AIRLINES, a/k/a Polskie Linie Lotnicze, Defendant.
Nos. MDL 787, 87 CV 3957 and 88 CV 4019.
United States District Court, E.D. New York.
September 26, 1997.
*165 Kreindler & Kreindler (Milton G. Sincoff, Lori B. Lasson, of counsel), New York, NY, for plaintiffs.
Speiser, Krause, Madole & Nolan (Frank H. Granito, Jr., David H. Siegel, of counsel), New York, NY, for plaintiffs.
Ressler & Ressler (Bruce Ressler, Richard F. Bernstein, of counsel) New York, NY, for plaintiffs.
Condon & Forsyth (John F. Schutty, of counsel), New York, NY, for defendant LOT Polish Airlines.
NICKERSON, District Judge:
Plaintiffs in these two actions are personal representatives of the estates of passengers killed in the May 9, 1987 crash of a LOT Polish Airlines (LOT) aircraft shortly after takeoff from Warsaw, Poland. All cases relating to the crash have been consolidated as multidistrict litigation before this court.
This case has a long history, and familiarity with the court's previous opinions is assumed. Plaintiffs Isaac Kirsch and Elizabeth Bauer Cwik now move for partial summary judgment requiring LOT to pay them $75,000.

I.
The following facts are undisputed. On May 9, 1987 LOT operated an Ilyushin-62M jet airplane on a flight from Warsaw, Poland, destined for John F. Kennedy International Airport in New York. The moving plaintiffs' decedents were fare paying passengers on the flight and held round-trip tickets from New York to Warsaw.
Approximately twenty-three minutes after takeoff one of the jet's four engines exploded. The pilots discontinued the original flight plan and attempted to fly the plane back to Warsaw. Five kilometers from the Warsaw-Okecie airport, the plane crashed in the area of the Las Kabacki forest, killing all aboard. *166 The crash occurred thirty-one minutes after the engine exploded.

II.
This litigation is governed in part by the Warsaw Convention, a multilateral treaty regulating international airline transportation (the Convention). See Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 (hereinafter Warsaw Convention).
The Convention imposes upon air carriers a presumption of liability for "damages sustained in the event of the death or wounding of a passenger ... if the accident which caused the damage so sustained took place on board the aircraft...." Warsaw Convention, art. 17. Under Article 20(1), a carrier may rebut this presumption if it proves that "all necessary measures" were taken "to avoid the damage or that it was impossible" for such measures to be taken.
But the amount of a carrier's liability is limited. Under the Convention's original terms, an air carrier's liability could not exceed 125,000 francs, or approximately $8,300. See Warsaw Convention, art. 22(1). In 1955, pursuant to what is known as the Hague Protocol, the liability cap was increased to 250,000 francs or approximately $16,600.
Under Article 25 of the Convention, a carrier may not avail itself of the limitation on liability if the "damage is caused by his wilful misconduct." Warsaw Convention, art. 25.
The United States government, unhappy with the liability limit, never ratified the Hague Protocol and in 1965 threatened to denounce the entire Convention. See generally Andreas F. Lowenfeld and Allan I. Mendelsohn, The United States and the Warsaw Convention, 80 Harv. L. Rev. 497 (1967) (hereinafter Lowenfeld and Mendelsohn). To avert the United States' denunciation, an interim arrangement known as the Montreal Agreement (the Agreement) was reached in 1966. See Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, reprinted in 31 Fed. Reg. 7302. Under its terms, air carriers agreed, among other things, to waive the defenses available in Article 20(1) of the Convention, thereby submitting in effect to strict liability, and to increase the liability cap to $75,000.
The Agreement is considered a "special contract" under Article 22(1) of the Convention, which allows a carrier and passenger to agree to a higher liability limit. The Agreement applies to flights traveling from, to, or stopping in the United States, and left unmodified Article 25 of the Convention.

III.
Plaintiffs assert against LOT one claim for relief. That claim alleges, among other things, that LOT was "negligent and committed wilful misconduct" and demands compensatory damages in the amount of $3,000,000.
Plaintiffs say that it is undisputed that each plaintiff sustained damages in excess of $75,000. Because LOT, a party to the Montreal Agreement, is strictly liable for "damages sustained" up to $75,000, plaintiffs demand immediate payment of such amount pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (the Federal Rules).
But the Federal Rules do not permit entry of a partial judgment. While Rule 56(a) does allow a party "seeking to recover upon a claim" to move for a summary judgment "upon all or any part thereof[,]" Fed. R.Civ.P. 56(a), a court's partial adjudication of a claim is governed by Rule 56(d) entitled "Case Not Fully Adjudicated on Motion." See Biggins v. Oltmer Iron Works, 154 F.2d 214, 216 (7th Cir.1946) (Rule 56(d) governs when party seeks summary judgment on only part of claim under Rule 56(a)). That rule provides that if
judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court ... shall if practicable ascertain what material facts exist without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy.... Upon the trial of the action the facts so *167 specified shall be deemed established, and the trial shall be conducted accordingly.
Fed.R.Civ.P. 56(d).
Rule 56(d) authorizes the court to make an order establishing the uncontroverted facts; it does not permit the court to enter judgment on part of a single claim. See, e.g., Biggins, 154 F.2d at 217; In re F & L Plumbing and Heating Co., 114 B.R. 370, 375 (E.D.N.Y.1990).
In Biggins the lower court entered a partial summary judgment against defendant in the amount of $9,243.75, only a portion of the $13,308 sought by plaintiff. The Court of Appeals for the Seventh Circuit held that the district court was "without authority to enter a judgment" and that plaintiff was entitled only to "an order (not a judgment) fixing the amount of the claim no longer in dispute[.]" Biggins, 154 F.2d at 217. See also James Wm. Moore, 6 pt. 2 Moore's Federal Practice, ¶ 56.20[3.-1] at 56-90 (nothing in the Rules permits a trial court to render a "final judgment for a claimant on a portion of a single claim, with execution to issue; and it is error for the trial court to do so"). The court lacks such authority even where a party stipulates to his or her liability on part of a claim. See Central States v. McNamara Motor Exp., Inc., 503 F.Supp. 96, 100 (W.D.Mich.1980) (district court not empowered to enter judgment for that amount of claim to which defendant admitted liability).
Citing Biggins, the 1946 advisory committee notes to the Federal Rules explain that an order under Rule 56(d) is more akin to a pre-trial order under Rule 16 and "likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." Fed.R.Civ.P. 56(d) 1946 advisory committee notes. See also 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2737 at 457 (Rule 56(d) simply "empowers the court to withdraw sham issues from the Case and to specify those facts that really cannot be controverted"). In fact, partial summary "judgment" is a misnomer; a court's order pursuant to Rule 56(d) is more accurately understood as a partial "adjudication" of the facts. See James Wm. Moore, 6 pt. 2 Moore's Federal Practice, ¶ 56.20[3.-1] at 56-90.
The principal reason for this construction is the disfavor afforded piecemeal, interlocutory appeals. Generally, an order must be "final" in order to be appealable. See 28 U.S.C. § 1291. But an order issued pursuant to Rule 56(d), like a pre-trial order under Rule 16, is "expressly subject to modification" by the court, Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621, 625 (2d Cir. 1943), and thus is not final, has no res judicata effect, and cannot be certified for appeal pursuant to Rule 54(b). See Acha v. Beame, 570 F.2d 57, 62 (2d Cir.1978).
Nothing about the remedial scheme established by the Warsaw Convention helps the plaintiffs overcome this procedural obstacle. While absolute liability coupled with the $75,000 liability cap was designed in part to promote "quicker and less expensive settlements," Lowenfeld and Mendelsohn at 600, the limitation is a maximum, not a minimum, and "does not operate as would insurance[,]" In re Korean Air Lines Disaster of Sept. 1, 1983, 664 F.Supp. 1463, 1477 (D.D.C.1985).
Plaintiffs have not construed their demand for $75,000 as a separate claim. Nor could they. The facts underlying plaintiffs' demand for immediate payment are inseparable from their claim that LOT committed willful misconduct and is in fact liable for damages over and above the $75,000 cap set by the Warsaw Convention. Accordingly, the court has no authority to issue an enforceable judgment on only a portion of plaintiffs' claim.
While the court can "if practicable" determine "the extent to which the amount of damages or other relief is not in controversy," Fed.R.Civ.P. 56(d), this is not what plaintiffs seek. Their submissions do not establish the specific amount of "damages sustained" but simply ask the court for a determination that their damages "exceed" $75,000. The court declines to engage in such rough estimates and will await trial for a thorough determination of the "damages sustained." Cf. United States v. Copacabana, 17 F.R.D. 297 (S.D.N.Y.1955) (declining *168 to enter a pre-trial order under Fed.R.Civ.P. 56(d) because such order was impracticable).

IV.
Plaintiffs' motion is denied. So ordered.