**In re T.M. SWEENEY & SONS LTL SERVICES, INC., Debtor.**

**KS INVESTMENTS, Plaintiff,**

**v.**

**T.M. SWEENEY & SONS LTL SERVICES, INC.; Sheldon L. Solow, Trustee; and Endowment and Foundation Realty (JMB–IV), Defendants.**

**Bankruptcy No. 89 B 8111.
Adv. No. 90 A 647.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 25, 1991.

See also 120 B.R. 101.

Stuart M. Rozen, Stephen K. Racker, Mayer, Brown & Platt, Chicago, Ill., for Endowment and Foundation Realty, Ltd.—JMB–IV.

Sheldon L. Solow, Sachnoff & Weaver, Ltd., Chicago, Ill., trustee.

Thomas C. O'Brien, O'Brien & Barbahen, Chicago, Ill., for KS Investments.

MEMORANDUM OPINION ON MOTION OF ENDOWMENT AND FOUNDATION REALTY, LTD.—JMB–IV FOR SUMMARY JUDGMENT ON COUNT I

JACK B. SCHMETTERER, Bankruptcy Judge.

The related bankruptcy case No. 89 B 08111 started as a voluntary filing by T.M.

Sweeney & Sons LTL Services, Inc. ("Debtor") under Chapter 11 of the Bankruptcy Code. The case has since been converted to one under Chapter 7 and Trustee Sheldon L. Solow was appointed ("Trustee"). In Count I of its Second Amended Adversary Complaint, KS Investments ("KSI") seeks Declaratory Judgment as to certain funds held by Trustee (the "Complaint"). Pursuant to Rule 56, F.R.Civ.P. (Rule 7056 F.R.Bankr.P.), Defendant Endowment and Foundation Realty, Ltd.—JMB–IV ("JMB") has moved for summary judgment (the "Motion"). There is no triable issue of fact and JMB is entitled to judgment as a matter of law for reasons discussed hereinbelow.

## INTRODUCTION AND SUMMARY

KSI was not a pre-petition creditor. JMB was Debtor's pre-petition landlord.

In Count I of the Complaint, KSI alleges an interest in certain funds (the "Funds") held by the Trustee of the above-captioned Debtor based on an order (the "KSI Order") entered by the Court on October 12, 1989 purporting to grant KSI a "valid, enforceable, perfected and senior" security interest in such Funds. Complaint, ¶ 1. Pursuant to a prior order (the "JMB Order") of the Court entered on August 2, 1989, JMB was granted a lien and security interest on all assets of the Debtor, subject only to then-existing liens, to secure all post-petition rent and other obligations owed by the Debtor to JMB. Such obligations ultimately totalled $240,879.47 (the "JMB Claim").

The JMB Order was prior in time to the KSI Order. When the KSI Order was entered with Debtor's agreement, on notice to JMB and others, JMB was not offered "adequate protection" against the creation of a senior lien by KSI as required by 11 U.S.C. § 364(d)(1)(B). Therefore JMB has a superior lien in the Funds. The JMB Claim is far in excess of the amount of the Funds. Therefore, JMB is entitled to all of the Funds to the extent such Funds represent collateral or proceeds of collateral subject to JMB's lien and security interest. The failure of JMB to object to the KSI Order on notice did not excuse the need for provision of adequate protection under § 364(d)(1)(B), and proof of such protection when the KSI Order was requested.

## UNCONTESTED FACTS [1]

The following facts are uncontested:

1. On January 8, 1989, Debtor entered into a lease (the "Lease") between the Debtor and RREEF USA Fund–II, Inc. ("RREEF"), as predecessor in interest to JMB, governing the Debtor's use and occupancy of certain nonresidential real property and facilities located at 6700 South Old Harlem in Bedford Park, Illinois (the "Premises"). Affidavit, ¶ 2.

2. On March 21, 1989, RREEF entered into a sale agreement whereby RREEF sold, among certain other properties, the Premises to JMB. Affidavit, ¶ 3.

3. On May 15, 1989, the Debtor filed its petition for relief under Chapter 11 of the 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

4. At the time of the Debtor's filing its petition for relief, the Debtor was in default under the Lease for its failure to pay rent and failure to perform certain other obligations under the Lease. Affidavit, ¶ 4.

5. The Debtor continued to fail to pay rent and perform certain other obligations under the Lease after the filing of its petition for relief and thereby continued to default under the Lease. Affidavit, ¶ 5.

6. On July 14, 1989, JMB and the Debtor entered into that certain Stipulation Granting T.M. Sweeney & Sons, LTL Ser-

---

1. Movant JMB relied in part on a Stipulation filed herein between JMB and Debtor in the related bankruptcy case dated July 14, 1989 ("Stipulation"). It also relied on the JMB Order entered August 2, 1989, and filed an affidavit by one Thomas D. McCarthy ("affidavit") in support of its motion. It was in proper form under Rule 56 F.R.Civ.P., and the motion of KSI to strike it, for asserted irrelevancy and failure to explain why JMB did not object to the KSI Order was denied. Otherwise, KSI did not object under Local District Rule 12(m) to the JMB statements of uncontested facts properly filed under Local District Rule 12(l), and those facts are accordingly taken as uncontested for purposes of this motion.

vices, Inc. Thirty Days Additional Time in which to Assume or Reject JMB Lease (the "Stipulation", a copy of which is attached hereto as Exhibit B) which provided, among other things, for (i) JMB's agreement to grant the Debtor an additional thirty days in which to assume or reject the Lease (the "Extension Period"); (ii) payment by the Debtor to JMB of $7,500 in partial satisfaction of certain of its post-petition obligations under the Lease; (iii) the Debtor's granting to JMB a lien and security interest (the "JMB Lien") in all presently owned and thereafter acquired property, assets and rights, of any kind and nature, of the Debtor, wherever located (the "Assets"), to secure the aggregate amount of post-petition Lease obligations as of the date of the Stipulation and arising and unpaid during that, or any subsequent, Extension Period; (iv) the priority of such post-petition obligations as an administrative expense in accordance with section 364(c) of the Bankruptcy Code; and (v) the priority of such lien and security interest as a first and prior lien on the Assets, subject only to valid and enforceable existing liens. Affidavit, ¶ 6; Stipulation, ¶¶ 4, 6, and 7.

7. The Stipulation was served on all creditors and parties in interest entitled thereto and after a hearing before the Bankruptcy Court, on August 2, 1989, the Court entered its Order Approving Stipulation Between T.M. Sweeney & Sons, LTL Services, Inc. and Endowment and Foundation Realty, Ltd.—JMB–IV (the "JMB Order"), Affidavit, ¶ 7.

8. The JMB Order approved the Stipulation in its entirety, providing, *inter alia*, for the granting of the JMB Lien. JMB Order, ¶ 2.

9. On July 28, 1989, the Debtor tendered a check for $2500 to JMB in partial satisfaction of its obligation to JMB under the Stipulation and Order. Despite the Debtor's failure to pay the full amount as required under the Stipulation, JMB exercised its right under the Stipulation to allow the Debtor to remain at the Premises. Affidavit, ¶ 8; Stipulation, ¶ 6.

10. At the time the Debtor vacated the Premises in mid-December, 1989, the accrued and unpaid post-petition obligations under the Lease totalled $240,879.47. Affidavit, ¶¶ 9, 10.

11. On October 12, 1989, the Bankruptcy Court entered an order (the "KSI Order") granting authority for the Debtor to borrow money from KS Investments, Inc. ("KSI"). Complaint, ¶ 1.

12. The funds advanced by KSI (the "Borrowing") to the Debtor pursuant to the KSI Order exceeded approximately $160,000. Complaint, ¶ 4.

13. The Borrowing was secured by certain accounts receivable of the Debtor pursuant to sections 364(c) and/or 364(d)(1) of the Bankruptcy Code, as more fully described in the KSI Order. KSI Order, ¶¶ 1, 2.

14. The KSI Order did not provide for any adequate protection of JMB's interest under the JMB Order, nor was any evidence offered at the time the KSI Order was offered to the Court showing adequate protection of JMB's interest under the JMB Order.

15. The KSI Order was entered after the entry of the JMB Order. KSI Order, p. 5; JMB Order, p. 2.

16. JMB received notice of the proceedings which resulted in the Order of October 12, 1989. Complaint, ¶ 20, not denied.

17. JMB filed no objection to the proposed lending to KSI. Complaint, ¶ 20, not denied.

18. The Order of October 12, 1989, resulted in additional funds to the Debtor which were used by the Debtor in continuing its business. Complaint, ¶ 6, not denied.

### STANDARDS FOR SUMMARY JUDGMENTS

■ Under Rule 56(c) F.R.Civ.P., (Rule 7056 F.R.Bankr.P.) summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Howland v. Kilquist,* 833 F.2d 639, 642 (7th Cir.1987); *Farries v. Stana-dyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987); *Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656, 659 (7th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987); *Roman v. United States Postal Serv.,* 821 F.2d 382, 385 (7th Cir.1987). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Farries,* 832 F.2d at 379; *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986).

■ On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355; *Howland,* 833 F.2d at 642; *Marine Bank Nat'l Ass'n v. Meat Counter, Inc.,* 826 F.2d 1577, 1579 (7th Cir.1987); *Valley Liquors,* 822 F.2d at 659; *Roman,* 821 F.2d at 385; *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987). However, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Howland,* 833 F.2d at 642.

■ A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motions, and must identify those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any", which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. However, once the motion for summary judgment is made and supported as de-scribed above, Rule 56(e) provides that a party opposing the motion may not rest upon the mere allegations or denials in his pleading, his response must set forth specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Howland,* 833 F.2d at 642.

When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment should be granted. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

### *Partial Summary Judgment*

■ Rule 56(d), F.R.Civ.P., involves situations in which the motion does not lead to a judgment on the entire case but only terminates further contest on a portion of the litigation. Because Rule 56(d) is part of the rule entitled "Summary Judgment", the order prescribed by this rule has been referred to as "partial summary judgment." C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2737 (2d ed.1983 & Supp.1987). Partial Summary Judgment is possible in federal pleading if it disposes entirely of one or more counts of the complaint. *Biggins v. Oltmer Iron Works,* 154 F.2d 214, 216 (7th Cir.1946); *Capitol Records, Inc. v. Progress Record Distrib.,* 106 F.R.D. 25, 28 (N.D.Ill.1985) (Getzendanner, J.); *Triangle Ink & Color Co., Inc. v. Sherwin–Williams Co.,* 64 F.R.D. 536, 537–38 (N.D.Ill.1974). Such is the case here.

### DISCUSSION

The Plaintiff KSI seeks here a declaration that it is entitled to certain funds held by the Trustee of the above-captioned Debtor. The dispositive facts are not in dispute. JMB was granted a lien and security interest (the "JMB Lien") on all of the presently owned and thereafter acquired assets and property (collectively, the "Assets") of the Debtor, subject only to then-existing security interests, by order of this Court (the "JMB Order") on August 2,

1989. The JMB Lien secured certain post-petition indebtedness owed by the Debtor to JMB arising out of the Debtor's occupancy of certain premises under a lease of nonresidential real property between the Debtor and JMB. Such indebtedness ultimately totalled $240,879.47.

On October 12, 1989, this Court entered an order (the "KSI Order") granting authority for the Debtor to enter into certain post-petition financing, pursuant to which the Debtor borrowed money from KSI on a secured basis. Such borrowing was authorized by this Court on a secured basis pursuant to section 364(c) and/or section 364(d)(1) of 11 U.S.C. Pursuant to the KSI Order, the Debtor borrowed in excess of $160,000 from KSI, which borrowing purposed to be secured by a lien on certain accounts receivable of the Debtor (the "KSI Lien").

The Trustee holds funds collected from administrating and liquidating the Debtor's estate, including the subject Assets, assertedly totalling in excess of $60,000.00 (the "Funds"). Both JMB and KSI now claim an interest in such Funds by virtue of the security interests granted pursuant to the JMB Order and the KSI Order, respectively. The question presented by the Complaint and the Motion is an issue of law, there being no genuine dispute as to any material facts: whether JMB's interest in the Funds is superior to KSI's. Because it is prior in time, the JMB Lien is superior to the KSI Lien, and because JMB was not granted adequate protection against the creation of any subsequent liens, the KSI Lien remains subject to the JMB Lien. As a result, JMB is entitled to all of the Funds involved in Count I of the Complaint for application to the Debtor's outstanding post-petition obligations to JMB.

The KSI Lien was created pursuant to § 364(c) and (d)(1) of the Bankruptcy Code, which provides in part as follows:

(c) ... the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

... (3) *secured by a junior lien* on property of the estate that is subject to a lien.

(d)(1) The court, after notice a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

(A) the trustee is unable to obtain such credit otherwise; and

(B) *there is adequate protection of the interest of the holder of the lien* on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(c)(3), (d)(1) (emphasis added).

As the above-excerpted provisions of § 364 indicate, where a trustee or debtor in possession cannot otherwise obtain unsecured post-petition credit, such credit may be obtained under certain carefully proscribed conditions. Where there is a preexisting lien on property which the trustee or Debtor in possession seeks to encumber in order to obtain post-petition credit, such encumbrance must remain "junior" to the preexisting lien. 11 U.S.C. § 364(c)(3). Similarly, if the Debtor in possession seeks to "prime" an existing lien, such preexisting lienholder must have adequate protection. 11 U.S.C. § 364(d)(1)(B).

The facts here demonstrate that the JMB Lien (i) was prior in time to the KSI Lien and (ii) encumbered *all* of the Assets, subject only to then-existing liens. By operation of § 364(c)(3), the KSI Lien must be junior to the JMB Lien. Moreover, even if KSI sought and was granted a lien on the Assets equal or senior to the JMB Lien, the interests of JMB in the Assets would have to be adequately protected. "[B]efore a senior lien can be granted, the Debtor must demonstrate that there is adequate protection for the secured party whose lien is being primed." *In re Au Natural Restaurant, Inc.*, 63 B.R. 575, 581 (Bankr. S.D.N.Y.1986).

Nowhere in the KSI Order is there any finding or demonstration of adequate protection of JMB's interests, and no evidence of such protection was offered when that order was requested by agreement and entered. Under § 364(d)(2), the Debtor

in possession has the burden of demonstrating such adequate protection. It didn't. As a result, KSI is not entitled to a lien senior to the JMB Lien on any of the Assets under § 364(c)(3).

■ KSI does not contest the priority in time of the JMB Order over the KSI Order. Instead, KSI focuses its attention on JMB's failure to object to the entry of the KSI Order. KSI Memorandum, p. 2.

The KSI order provided that KSI's loans to the Debtor were made pursuant to sections 364(c) "and/or" 364(d)(1) of the Bankruptcy Code and were secured by a "valid, enforceable, perfected, and senior security interest in the Present Accounts [as defined in the KSI Order]." KSI Order ¶¶ 1 and 2. Because of the "and/or" formulation used in drafting the KSI order[2] regarding the priority accorded KSI, the KSI Order is not clear that the lien granted KSI would prime that of a prior lienholder such as JMB without first granting such prior lienholder adequate protection for its interest. Under KSI's interpretation of § 364(d) of the Bankruptcy Code, the parties seeking a priming lien under § 364(d) simply have no burden of providing and proving adequate protection where the primed party received notice but did not object.

This interpretation is at odds with the statute. Section 364(d)(1) of the Bankruptcy Code provides, *inter alia*, that the court can only grant a "superpriority" lien on property already subject to a lien if "there is adequate protection of the interest of the holder of the lien...." 11 U.S.C. § 364(d)(1)(B). However, there was no adequate protection provided to JMB pursuant to the KSI Order, and no evidence of adequate protection offered to the Court. Thus, by operation of § 364(d)(1)(B), KSI cannot have been granted a "superpriority" lien over the JMB Lien because JMB was never granted adequate protection for its prior lien. The Debtor in possession has the burden of proof with respect to demonstrating adequate protection, a burden not met here. 11 U.S.C. § 364(d)(2).

To escape the consequence of applying § 364(d)(1) to the facts here, KSI would have this Court impose the additional requirement that a prior lienholder, to preserve its secured position, must object on notice of motion to the imposition of the superior lien. KSI Memorandum, p. 3. This must be rejected as a matter of law. Such a reading of § 364(d)(1) would be contrary to principles of statutory interpretation as articulated and endorsed by the Supreme Court and the Seventh Circuit. *See, e.g., Bread Political Action Comm. v. FEC,* 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982) ("[a]bsent a clearly expressed legislative intention to the contrary, that language [of the statute] must ordinarily be regarded as conclusive") (citation omitted); *Meredith v. Bowen,* 833 F.2d 650, 654 (7th Cir.1987) ("... a court need not look beyond the words to interpret a statute if the language is clear and unambiguous ... [i]ndeed, the plain language is the best evidence of the statute's meaning") (citations omitted); *Jones v. Hanley Dawson Cadillac Co.,* 848 F.2d 803, 807 (7th Cir.1988) ("[w]ords in a statute are to be given their plain and ordinary meaning") (citation omitted).

The language of § 364(d)(1)(B) of the Bankruptcy Code could not be any plainer: there can be no "superpriority" lien unless "there is adequate protection of the interest of the holder of the [prior] lien ..." 11 U.S.C. § 364(d)(1)(B). The legislative history for this section offers no elaboration or alternative interpretation of this clear and direct language.

In support of its argument, KSI cites *Anchor Sav. Bank FSB v. Sky Valley, Inc.,* 99 B.R. 117 (N.D.Ga.1989) for the proposition that creditors whose liens are potentially subject to § 364(d) liens may "tacitly" consent to such "superpriority" liens by failing to object to their entry. *Id.* at 122. In *Anchor,* the objecting creditor was found to be adequately protected by an equity cushion, while other creditors withdrew their objections to a specific request

---

**2.** The lawyers drafted the KSI Order and presented it as an "agreed order." It is the lot of a trial judge to have counsel tender "our agreed order" one day and return another day to seek interpretation of "the court's order."

for superpriority lien. On appeal to the District Court the latter creditors (who did not take the appeal) were argued by the objector to have been denied adequate protection. The court found that those creditors were entitled to look after their own interests and withdraw their objections. Such was the "tacit" consent.

The facts here are much different and *Anchor* does not apply to this case. First, the type of lien sought by KSI, *i.e.*, a lien pursuant to § 364(c) *"and/or"* 364(d)(1), was unclear. JMB could have reasonably assumed from the notice and order that if KSI were to be granted a lien under § 364(d)(1) it would have to demonstrate that prior lienholders were adequately protected, but if it could not make such a showing, KSI would be granted a lien under § 364(c). In either event, as an existing lienholder JMB would be protected. JMB could have reasonably assumed here that § 364(d) could not be invoked against it to prime its prior lien without provision of adequate protection of its interest. Moreover, neither the notice to JMB and other creditors nor the KSI Order provided that a prior lienholder would or did waive its statutory rights to adequate protection if it failed to object to the entry of such order. JMB did not participate in the proceeding and neither filed nor withdrew an objection. As a result, JMB can hardly be said to have "tacitly" consent to the KSI Lien as provided in the KSI Order.

## CONCLUSION

JMB is entitled to summary judgment because of its prior lien on the Assets, because KSI failed to offer JMB adequate protection, and Debtor failed to demonstrate such protection in seeking a superpriority lien under § 364(d)(1) of the Bankruptcy Code.

By separate order, JMB counsel will be instructed to present a proposed judgment order on Count I.