AVALOGO TAYLOR, Claimant,

v.

**LEVU SOLAITA, PALEPA SEUI, TULELE NOMURA,
CHARMAINE SILI, TULA FAGAIMA, ALOFA FAILAUGA,
POLAI SALAMAOTUA, GAGAU TIMAIO, LAAU SEUI, JR.,
SINA PETUAO, TAUALAI FISAGO, AVEI SULEISI,
ANAROSEMARY TAEAO, TAUFUSI F. FAU, and
SEKONE N. FAILAUGA, Objectors.**

High Court of American Samoa
Land and Titles Division

LT No. 14-98

November 15, 1999

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and TAUAN'U, Temporary Associate Judge.

Counsel: For Claimant, Tupa'i Se Apa, *pro hac vice,* and Asaua Fuimaono
For Objectors, Afoa L. Su'esu'e Lutu

## PARTIAL SUMMARY JUDGMENT

This controversy arises out of objections to the offer of claimant Avalogo Taylor ("Taylor") to register certain land as his individually owned land. The court now has objectors' motion for summary judgment under advisement for decision.

### Procedural Chronology

This action was commenced by the Territorial Registrar's referral of the dispute for judicial determination on October 7, 1998. On the following day, the clerk of the court issued notice of the proceeding to the parties. On November 10, 1998, all 15 objectors filed a statement of their claim with respect. On January 19, 1998, they submitted a copy of the jurisdictional Certificate of Irreconcilable Dispute issued by the Secretary of Samoan Affairs and moved to set a trial date. On March 5, 1999, we scheduled the trial on July 8, 1999.

On February 23, 1999, however, objectors applied for a preliminary injunction to stop Taylor from further construction of a building on the land. On March 23, 1999, Taylor submitted his opposition to the applications which also constituted the first statement of his claim with respect to the land. At the hearing on the application on March 25, 1999, objectors' counsel and Taylor's then counsel, Katopau T. Ainu'u ("Ainu'u"), advised the court that the parties were working on a stipulated preliminary injunction.

On July 8, 1999, upon both counsel's request, we continued the trial to July 30, 1999. However, on July 12, 1999, we allowed Ainu'u to withdraw as counsel, with Taylor's consent. Then, on July 23, 1999, objectors moved for summary judgment that would dismiss the action and require removal of the building under construction. The hearing on this motion was scheduled on July 30, 1999 to coincide with the existing trial date.

On July 30, 1999, to afford Taylor opportunity to retain new counsel, we continued the trial and summary judgment hearing to September 3, 1999. We were also advised the building under construction was substantially completed. Since the anticipated preliminary injunction by stipulation was not forthcoming, and Taylor claimed that he was unaware of this proposal, we enjoined Taylor from further construction on the land. This preliminary injunction was entered in writing on August 4, 1999.

Taylor retained his present counsel and, on August 30, 1999, filed his affidavit and points and authorities opposing summary judgment, along with a formal answer to objectors' statement of their claim with respect to the land. We heard the summary judgment motion and vacated the trial date on September 3, 1999 and have considered the parties' affidavits and arguments on the motion, along with the other relevant documents of record.

## Facts

The land at issue ("the land"), named "Alatutu`i," consists of approximately 6.62 acres located in the Village of Tafuna. The land lies immediately adjacent to and southwest of the intersection of the public roads identified on the survey of the land, DWG No. 17-13-97, as the "Airport Road," which leads to the Pago Pago International Airport to the south, and the "Fagaima-Fonoti Road," which leads to main part of the village to the west.

Taylor requested a survey of the land as his individually owned land. On September 27, 1997, Sale Taylor, as the *pulenu`u* of the Village of Tafuna, and Laina Laina, Jr., as the surveyor, signed the Surveyor and Pulenu`u Certificate, which confirmed the *pulenu`u* gave public oral notice in the Village of Tafuna at a meeting of the chiefs of the village of the time and place of the intended survey of the land. The survey was completed in October 1997. The surveyor certified by the Certificate and on the survey that the survey conformed with the statutory and regulatory requirements for conducting surveys. On October 14, 1997, the Manager of the American Samoa Government's Survey Branch made the same certification and approved the survey for registration.

On October 15, 1997, Fagaima Taylor ("Fagaima'), as the *sa`o* (or "head chief") of the Fagaima family, authorized Taylor, in writing, to survey and register the land as his individually owned land. This document states that Fagaima and Taylor are brothers. This transaction was not presented to the Land Commission for its recommendation of approval or disapproval by the Governor of American Samoa. The Governor did not approve the transaction.

We also have in evidence a document, dated November 15, 1986 and recorded with the Territorial Registrar on November 17, 1986, separating a house, which is or is to be erected, from underlying land in Tafuna. This separation agreement was signed by "Faga`ima A. Taylor," as the *sa`o* of the Fagaima family, for the benefit of "Tulafono Fagaima Solaita," as the building owner, for the purpose of owning the house free and clear of any claim of the family or its members. At this point, the identity of the parties to and the exact location of the land affected by this separation agreement are not clearly established.

On October 21, 1997, Taylor filed with the Territorial Registrar his offer to have the land for registered as his individually owned land. Notice of the proposed registration was posted at the courthouse and at two public places in the Village of Tafuna from October 23 through December 23, 1997, a total of 61 days, and was published in the *Samoa News,* a local newspaper, once each 30 days during this period. The clerk of this court, the *pulenu`u* of Tafuna, and the business manager of the newspaper, respectively, attested to the postings and publishing.

All 15 objectors named above timely filed objections to the registration within the notice period. On December 24, 1997, the Territorial Registrar submitted the proposed registration to the Secretary of Samoan Affairs for dispute resolution proceedings. The Secretary held two hearings of the parties and unsuccessfully attempted to resolve the controversy. The Secretary issued the Certificate of Irreconcilable Dispute on May 14, 1998, and the Registrar referred the controversy to this court for judicial determination on October 7, 1998.

Objectors' application of February 23, 1999 for a preliminary injunction to enjoin Taylor from further construction on the land is supported by an affidavit signed by objector Tulafono Fagaima Solaita ("Solaita"). Solaita alleges in the affidavit that Taylor is constructing a building on the land, that the land is the Fagaima family's communal land and was assigned to other family members, and that a court order is necessary to prevent further construction and forestall physical confrontation between the parties.

Solaita's affidavit also supports objectors' motion for summary judgment of July 23, 1999. He states in this affidavit that he is a blood

member of the Fagaima family, that the land is the Fagaima family's communal land and was so adjudicated by this court in 1970, and that Taylor failed to follow the requisite statutory procedures for land alienation. With respect to this affidavit, we take judicial notice of *Taylor v. Fagaima Family,* 4 A.S.R. 19 (Land & Titles Div. 1970) and the file of that action, LT No. 1150-1970. The land adjudicated as the Fagaima family's communal land in that action encompasses the land in this action.

Taylor's affidavit opposing the summary judgment motion states that he is a member of the Fagaima family, that his claim to the land as his individually owned land and construction of the building on the land was authorized by the *sa`o,* that he and his immediate family have continuously lived on the land since they cleared the land in 1946, that he is unaware of any assignments of the land to others by the *sa`o,* that his immediate family has occupied the land exclusive of any of the objectors, and that he has not attempted to alienate any of the Fagaima family's communal land. Taylor admits that in 1970 this court determined that the land was the Fagaima family's communal land.

### Discussion

■ Summary judgment is appropriate when there is 'no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law.' T.C.R.C.P. 56(c). The court must view the pleadings and supporting papers in the light most favorable to the non-moving party. *Amerika Samoa Bank v. United Parcel Service,* 25 A.S.R.2d 159, 161 (Trial Div. 1994); *Ah Mai v. American Samoa Gov't,* 11 A.S.R.2d 133, 136 (Trial Div. 1989).

■ If only part of the case is appropriate for summary adjudication, the court may grant partial summary judgment in an order specifying the facts that appear without substantial controversy. T.C.R.C.P. 56(d); *Deimer v. Cincinnati Sub-Zero Products,* 990 F.2d 342, 345 (7th Cir. 1993) (granting partial summary judgment on facts not in issue). The term partial summary judgment is somewhat of a misnomer, since it is not really a final judgment but only an interlocutory order determining certain facts. See *In re Air Crash Disaster Near Warsaw, Poland,* 979 F. Supp. 164, 167 (E.D.N.Y. 1997). However, the term is widely used. In a partial summary judgment, certain facts are deemed established, and trial then proceeds without further adjudication of these facts. T.C.R.C.P. 56(d).

The objectors are entitled to a partial summary judgment on the land registration issue. Taylor's offer to register the land at issue as his individually owned land must be rejected. First, and foremost, Taylor admits that the land is the Fagaima family's communal land.

■ In addition to his present admission, Taylor acknowledges that this court adjudicated the same land to be the Fagaima family's communal land in *Taylor v. Fagaima Family,* 4 A.S.R. 19 (Land & Titles Div. 1970).[1] In that case, another member of the Taylor family offered to register the land as his individually owned land. The Fagaima *sa'o* then in office and the claimant's brother, for himself and his other siblings, objected to the registration. Taylor also recognizes that the immediate Taylor family, himself included, are members of the Fagaima family. Thus, involving the same land ownership issue and essential privity of parties, the holding of *Taylor v. Fagaima* in 1970 that the land then at issue is the Fagaima family's communal land is clearly *res judicata* as to the communal nature and ownership of the land in this action. *Taulaga M. v. Patea S.,* 4 A.S.R.2d 186 (Land & Titles Div. 1987) (land title action barred by *res judicata* when ownership of same tract was previously adjudicated between same families over same issues and was resolved in a final judgment)

■ Taylor's present effort to register the Fagaima family's communal land as individually owned land is fatally deficient in two particulars. First, Taylor requested the survey of the land at issue. However, only the *sa'o* can lawfully request a survey of a family's communal land; the *sa'o* cannot delegate that authority. *Galea'i v. Ma'ae,* 2 A.S.R.2d 4 (App. Div. 1983) (applying the unequivocal wording of A.S.C.A. § 37.0102(d)).

■ Second, Fagaima and Taylor failed to comply with the land alienation laws. "[I]nstruments affecting the title, ownership or possession of [communal] land" must be submitted to the Land Commission for its study and recommendation of approval or disapproval by the Governor. A.S.C.A. § 37.0203(a), (b). The Land Commission has the duty "to endeavor to prevent improvident alienation of communal lands by the [*sa'o*] charged with the management and control thereof." A.S.C.A. § 37.0203(c). "It is prohibited for any matai of a Samoan family who is, as [the *sa'o*], in control of the communal family lands or any part thereof, to alienate such family lands or any part thereof to any person without the written approval of the Governor of American Samoa." A.S.C.A. § 37.0204(a). Fagaima's authorization was simply not put through the mandated recommendation and approval steps in the land alienation process in order to effectively transfer title to the Fagaima family's communal land at issue as Taylor's individually owned land.

---

[1] The court in *Taylor v. Fagaima Family* also directed the Territorial Registrar to register the adjudicated land as the Fagaima family's communal land. The Registrar was given a copy of the court's decision.

Accordingly, we will grant partial summary judgment in the objectors' favor against Taylor by holding that the land at issue is the Fagaima family's communal land and prohibiting the present attempt to register this land as Taylor's individually owned land.

■ However, the evidence is conflicting on Taylor's right to occupy and use the land by virtue of a customary assignment of the Fagaima family's communal land by Fagaima to Taylor. The affidavits of Solaita and Taylor put this ultimate fact at issue. Moreover, the court in *Taylor v. Fagaima Family* found that in accordance with Samoan custom, the claimant in that action and his family are entitled to occupy and use the land now at issue, so long as the claimant, and presumably his family members, served the Fagaima *sa`o*. This fact issue of a customary communal land assignment must still be determined by trial. Thus, at this time the building under construction shall remain on the land, but the preliminary injunction preventing Taylor from further construction on the land shall remain in effect.

## Order

1. The court declares that the land at issue is the Fagaima family's communal land and prohibits present registration of the land as Taylor's individually owned land. The objectors are granted partial summary judgment to this extent against Taylor.

2. The ultimate fact issue of Taylor's right to occupy and use the land under of a customary assignment of communal land shall still be determined by trial. This trial is scheduled on January 28, 2000. The preliminary injunction preventing Taylor from further construction on the land remains in effect as previously ordered.

3. The clerk of the court shall have a copy of this order and the partial summary judgment served on the Territorial Registrar.

It is so ordered.